## CRAMER ET AL. v. BRASHER.

SHERIFFS NOT ENTITLED TO RETAIN, FROM PROCEEDS OF ATTACHED PROPERTY, ATTORNEY FEES PAID BY THEM IN DEFENDING THEIR POSSESSION THEREOF.— The statute limits the demands of sheriffs for services performed in the discharge of their official duties to the fees allowed by law. The Code of Civil Procedure provides that in attachment proceedings the sheriff shall satisfy the judgment, and pay his legal fees out of the proceeds of sale of the attached property, and deliver over to the defendant any unsold property, and any proceeds of property sold and remaining in his hands. No authority is given this officer to retain, from the proceeds of attached property, the expenses for attorney's fees incurred by him in defending an action brought against him by a third person claiming the property. The expenses so incurred being for the benefit of the plaintiff in the original action, he must be looked to for their payment.

*Appeal from District Court of Arapahoe County.*

Messrs. WOLCOTT & VAILE, for appellant.

Mr. E. P. HARMAN, for appellees.

RICHMOND, C. The Kansas City Distilling Company brought suit in the district court of Arapahoe county against appellee upon a book-account, suing out a writ of attachment. The writ was placed in the hands of appellant, Frederick Cramer, who was the sheriff of Arapahoe county. He levied upon certain goods and chattels as the property of Brasher. One Marsh brought an action of trover against appellant, claiming that the goods and chattels so levied upon belonged to him, and that the same had been taken by appellant and converted to his own use.

Appellant answers, averring that the goods and chattels were the property of Brasher, justifying the seizure under the writ of attachment, and also averring that the transfer of title by Brasher to Marsh was fraudulent as against creditors.

The cause was tried upon this issue, and resulted in a judgment favorable to appellant.

The case of the Kansas City Distilling Company was subsequently tried, and a judgment in its favor was rendered for $801.65, with costs. The judgment was sustained, and the property ordered sold for the purpose of paying said judgment. After paying the judgment of the distilling company, and the taxed costs in full, there remained in the hands of the appellant the sum of $214.

Appellant employed counsel to defend the suit brought against him by Marsh, thereby incurring expenses for counsel fees in the action amounting to $150. He filed his petition in the case of the *Kansas City Distilling Company v. Brasher*, setting up these facts, and asking the court to take testimony as to the reasonableness of the fees charged by counsel, and prayed that he be allowed to pay the same, or

such amount as the court should deem reasonable, out of the sum of $214 remaining in his hands.

Brasher appeared, admitted the averments of the petition, but claimed that the petition did not state facts sufficient to authorize the allowance of anything to appellant. This was the conclusion of the court, and the petition of appellant was denied.

The only question presented for consideration is whether or not the court should have allowed the sheriff, Cramer, to deduct from the balance remaining in his hands a reasonable sum for counsel fees.

Section 109, Code Civil Procedure, is as follows: "If, after selling all the property attached by him remaining in his hands, and applying the proceeds, together with the proceeds of any debts or credits collected by him, deducting his fees, to the payment of the judgment, and any balance shall remain due, the sheriff shall proceed to collect such balance as upon an execution in other cases. Whenever the judgment shall have been paid, the sheriff, upon reasonable demand, shall deliver over to the defendant the attached property remaining in his hands and any proceeds of the property attached unapplied on the judgment."

The last clause of this provision unmistakably provides for a disposition of the balance of any fund remaining in the hands of the sheriff, and distinctly commands the payment of such balance, after satisfaction of the judgment, to the defendant. By General Statutes, page 273, section 90, it is provided that "no sheriff shall, directly or indirectly, ask, demand, or receive, for any service to be performed by him in the discharge of any of his official duties, any greater fees than are allowed by law, under penalty," etc.

The above provision refers of course only to fees, and not to actual reasonable expenses incurred in caring for the property held by the sheriff under attachment, and this court in *Bank v. Tucker*, 7 Colo. 220, has determined that the sheriff is entitled to reimbursement for reasonable

charges incurred in taking possession of, removing and keeping property taken on a writ of attachment. We fail, however, to see the applicability of the conclusion of the court in this case to the question under discussion.

The proceeding by Marsh was against the sheriff in trover for conversion. These two individuals were the only parties to that proceeding, and besides it has never been the practice to allow against the losing party, in ordinary actions at law, fees paid out by the successful party to counsel. The defense of the trover suit by the sheriff was for the benefit of the Kansas City Distilling Company, and any expense incurred by the sheriff in that proceeding, in our judgment, should have been paid by the company.

It is true that the sheriff, in the performance of his duty in attaching property, or levying an execution upon it, assumes (in the language of another) a double-edged responsibility. The general rule is that the sheriff in the service of the execution writ or the attachment writ acts at his peril. While the property is not in the possession of the defendant, and it is not clear that it belongs to him, the sheriff is not bound to act without full and ample indemnity. Murfree, Sher. § 620; Crock. Sher. § 464.

We think that in this case, before subjecting himself to an expense in defense of the title to the property in which the plaintiff in the attachment proceedings was directly and only interested, he should have called upon the plaintiff, the Kansas City Distilling Company, and exacted of it either that it assume the responsibility of that defense or provide the means of employing counsel. In the absence of statute supporting the contention of appellant, we feel warranted in saying that the judgment should be affirmed.

BISSELL and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*