WIILLIAM H. BALDWIN & *al.*, *versus* JOHN HATCH.

An officer, holding funds arising from the sale of goods attached, may deduct a reasonable compensation for the expense of keeping and selling the same before applying the balance to the satisfaction of the execution, although the full amount of his charges is not taxed and allowed in the plaintiff's bill of cost.

The burden of paying such charges is upon the debtor and not upon the creditor.

An officer is not bound by the taxation of his fees in a suit in which he is not a party.

*Aliter*, with a party.

ON EXCEPTIONS from *Nisi Prius*, DICKERSON, J., presiding.

CASE against the defendant, as sheriff, for the default of his deputy, Josephus Stevens, for not applying and paying over to the plaintiffs money received from the sale of goods attached.

Plaintiff introduced the record of a suit *Wm. H. Baldwin & al.* v. *B. H. Osborn & al.;* the original writ, officer's return, with the memorandum of the clerk of the court thereon, showing that a hearing was had before him, by the counsel of the parties to the suit on the taxation of the costs, in the absence of the officer, and that the clerk deducted from the officer's fees the sum of $110. The defendant offered evidence to show that the officer was justly entitled to all the fees and charges returned on the writ, and for keeping and selling the goods attached; which was objected to by the plaintiffs on the ground that the taxation by the Court was conclusive; but the presiding Judge overruled the objection, and admitted the evidence. The defendant then proved the sale of the goods attached after an appraisal under the statute. He then proved that the amount of the sales of the goods attached was $1413,23; that the goods were attached on two other suits subject to plaintiffs' attachment, all the executions were put into his hands within thirty days from rendition of judgment, and

that he applied the money received from sale of the goods, (1,) to discharge prior mortgage, $297,12; (2,) $849,12 in full satisfaction of plaintiffs' execution against Osborn & al.; (3,) $214,34 in satisfaction of the second execution in his hands; (4,) and the balance on the third execution. He also proved that he paid to plaintiffs' counsel in the former suit $489,12, retaining in his hands the sum of $360,06, as his fees and charges.

Plaintiffs' counsel contended that if the officer was justly entitled to all he had charged he should have first deducted that sum from the fund in his hands, and from the remainder satisfy the plaintiffs' debt, and apply the balance in satisfaction of the subsequent attachments in the order in which they were made. The presiding Judge ruled that the appropriation adopted by the officer was correct, and submitted the case to the jury under appropriate instructions on the reasonableness of the officer's charges.

Plaintiffs' counsel also contended that the officer had charged more for the item " paid for rent of the store" than he had paid or was authorized to pay; but the presiding Judge ruled that the taxation by the clerk was conclusive. The verdict was for the defendant, and the plaintiffs alleged exceptions.

*A. Libby,* for the plaintiffs.

*J. Baker,* for the defendant.

WALTON, J. —The officer, (Stevens,) seems to have acted upon the supposition that he would not be authorized to deduct from the funds in his hands the expense of keeping and selling the goods attached unless the amount was first taxed and allowed in the plaintiffs' bill of cost. In this he was mistaken.

In *Twombly* v. *Hunewell,* 2 Maine, 221, only $30 were taxed and allowed for the officer in the plaintiff's bill of cost. The officer deducted from the funds in his hands $175, in addition to the $30 thus allowed, and the Court held that he was justified in so doing.

In *Tyler* v. *Ulmer*, 12 Mass., 168, Chief Justice PARKER, in declaring the judgment of the Court, says, "the expense of keeping is always eventually a charge upon the debtor; for the officer, if he pays that expense, will deduct it from the proceeds, before he pays them over to the creditor; and so much less of the debt will therefore be paid."

And in *Sewall* v. *Matton*, 9 Mass., 535, the Court went so far as to say that, "when an officer attaches the debtor's cattle, the debtor is bound to support them, after notice to him by the officer that they are attached; and if he neglects to do it, and they perish from that cause, the loss will be his."

And the *Revised Statutes*, c. 81, § 46, provide that when successive attachments have been made, and the property has been sold, the proceeds of the sale, after deducting necessary expenses, shall be held subject to the successive attachments as if the sale had been on execution.

The attaching officer was not a party to the suit in which the property was first attached, and was not bound by the taxation of his fees therein; and if enough was not therein allowed, he had a right to deduct from the funds in his hands a further sum sufficient to afford him a reasonable compensation; but this should have been done before he proceeded to satisfy the executions in his hands; he had no right to take money which had been appropriated to satisfy the plaintiff's execution for such a purpose, and thus throw the burden of taking care of the property upon the creditor instead of the debtor.     *Exceptions sustained.*

*New trial granted.*

APPLETON, C. J., CUTTING, KENT, DANFORTH and TAPLEY, JJ., concurred.

BARROWS, J., did not concur.