# THE SUPREME COURT

OF

# OREGON.

## OCTOBER TERM, 1885.

[Filed December 30, 1885.]

## H. SCHNEIDER *v.* GEORGE C. SEARS, SHERIFF, ETC.

PLEADING—COMPLAINT—ACTION AGAINST SHERIFF.—In an action by the plaintiff in a writ of execution against a sheriff for neglect to pay over moneys realized on such writ, it is sufficient to allege in the complaint the existence of the judgment on which the execution was issued, the issuance thereof, the realization of the money, and the neglect to pay it over.

ATTACHMENT—LEVY ON PERSONAL PROPERTY.—A writ of attachment was executed by posting a copy thereof on a safe: *Held,* an insufficient levy; such property, when not in the possession of a third person, can be levied upon only by taking it into custody.

SAME—STATUTE, HOW CONSTRUED—Attachment proceedings are statutory, and unless the statute is strictly pursued, no right is acquired under them.

SAME—SHERIFF—POWER OF COURT TO DIRECT—CONFLICTING LEVIES—INDEMNITY BOND.—In a controversy between a sheriff and constable, each claiming to hold the same property under different writs of attachment, the sheriff has no authority to decide that his levy is subordinate to that of the constable. He should have referred the matter to the court, and followed its direction; in default of that, he should have exacted a bond of indemnity before paying over the money except as his writ commanded.

SHERIFF—EXPENSES OF KEEPING ATTACHED PROPERTY—WHEN TAXABLE
AS DISBURSEMENTS.—Expenses incurred by a sheriff in taking care of
and preserving property attached are to be assessed and paid to him
above the ordinary caption fee. Such expenses do not abide the result
of the suit, but constitute a charge upon the assets. The test of such
allowances is their necessity, and of this the court, and not the sheriff, is
the proper judge.

TRIAL OF RIGHTS OF PROPERTY—DISBURSEMENTS IN.—The disbursements
in a trial of the right of property before a sheriff have no connection with
the costs of the action, and the sheriff cannot tax his fees and charges
thereon in the original action.

MULTNOMAH COUNTY. Defendant appeals. Reversed,
and new trial ordered.

*David Goodsell* and *J. V. Beach,* for Appellant.

The relation of a sheriff to personal property taken
upon process of attachment or execution is that of bailee,
and he is bound to ordinary diligence in taking care of
it. The necessary expenses of taking care of the prop-
erty is a charge upon the same, and he is entitled to
deduct it. (Story on Bailments, 9th ed., secs. 130, 131;
*Twombly* v. *Hunewell,* 2 Me. 225; *Tyler* v. *Ulmer,* 12
Mass. 168; Murfree on Sheriffs, sec. 1077.) Since the
sheriff is bound to only ordinary care of the property, if
the plaintiff in the action desires extraordinary care taken
of the property, keepers placed in charge by day and
night, and agrees to pay for the same, as it is set forth
in this answer, it is a lawful contract. (*Maguin* v. *Rosen-
thal,* 62 How. Pr. 504; *McKern* v. *Horsefall,* 65 Id. 126;
Murfree on Sheriffs, sec. 1077.) The defendant was en-
titled to show, if he could, that the $157 retained by him
out of the sum realized from sale of Bachman Brothers'
property was paid over upon a senior writ and judgment
of Stearns Brothers against Bachman Brothers. (Free-
man on Executions, sec. 196, and cases cited; *Drew* v.
*Lainson,* 11 Ad. & El. 529.)

*F. V. Drake*, for Respondent.

Two valid and subsisting attachments of personalty cannot exist at one and the same time under such circumstances. If the constable did levy on one of the safes, his levy must have been lost, else the sheriff could not have seized. (*Bagley* v. *White*, 4 Pick. 395; S. C., 16 Am. Dec. 353; *Clark* v. *Lamb*, 8 Pick. 418; S. C., 19 Am. Dec. 332; *Sanderson* v. *Edwards*, 16 Pick. 144.) The statute neither authorizes or creates the office of keeper, nor provides for payment thereof. The sheriff's compensation is fixed by statute; he can claim no more for himself, nor for others dependent on him. (*Territory* v. *King*, 1 Or. 106; *Crossen* v. *Wasco County*, 6 Id. 215; *Jackson* v. *Siglin*, 10 Id. 93; *Lane* v. *Coos County*, Id. 123; *Hatch* v. *Mann*, 15 Wend. 45; *Geil* v. *Stevens*, 48 Cal. 590; *Briggs* v. *Taunton*, 110 Mass. 423; *Cutter* v. *Howe*, 122 Id. 541.) Mrs. Bachman claimed the property taken under the attachment; a sheriff's jury found against her. The statute authorized the taxing and collection of the costs from her. It did not vest any authority in the sheriff to tax them against others, or divert moneys in his hands from the channels fixed by law. (Civil Code, secs. 285 and 293, subd. 3.)

THAYER, J. The respondent brought an action against the appellant to recover money collected by the latter as sheriff of Multnomah County, upon execution issued upon a judgment in favor of respondent against Bachman Brothers, and which the appellant had failed to pay over. The judgment against Bachman Brothers amounted to $2,016.55. The sheriff realized, by the sale of personal property upon the execution, $2,034.18, and only paid over $1,349.21. The balance he retained for fees and charges, and $157.36 thereof to satisfy a judgment recovered by Stearns Brothers against said Bach-

man Brothers in justice's court, and which he alleged had priority over the judgment of Schneider. The complaint in the action was at great length, and to which was annexed a number of exhibits, which were therein referred to. It not only contained the facts constituting the cause of action, but the evidence of them. Such an action formerly was an action of *assumpsit* or case (*Shepard* v. *Hoit*, 7 Hill, 198), and there is now no necessity of alleging, in such a case, anything beyond the facts constituting the cause of action. A general statement of the recovery of the judgment by the respondent against Bachman Brothers, the issuance of execution thereon, the realization of the money, and neglect to pay over the amount, was all that was necessary to have been alleged. The appellant filed an answer to the complaint, which covered a large area of ground, and the two presented quite extensive and voluminous pleadings. The court, upon motion of the respondent's attorney, struck out nearly all the answer; and if it had applied its judicial pruning-knife liberally to the complaint, it would have left a reasonably moderate issue between the parties. The gist of the complaint was that the appellant had received the money, and unjustly and wrongfully retained in his hands, and refused to apply to the satisfaction of the execution, the sum of $601.56 thereof, over and above the fees allowed by law. The appellant denied that of said moneys received by him under said writ of execution he unjustly or wrongfully retained in his hands said sum, or any sum; denied that the return to the attachment in the action against Bachman Brothers, set forth in the complaint, was all the return made by the appellant; and denied that the appellant, as sheriff, attached the two safes, or either of them, mentioned in the complaint, except subject to a prior attachment in favor of the said Stearns, issued in the action in the justices's

court. The latter two denials, however, have to be picked out from among affirmative matter set forth as a defense, and were included in the part of the answer stricken out. The said statement contained an account of expenses the appellant claimed to have incurred in taking care of the property attached, and in selling it, and in defending his right to attach and hold it as against a third party who claimed its ownership; and also as to the attachment having been served subject to the prior attachment, and the payment of the judgment from the money received on the sale of the property to satisfy the judgment recovered in the justice's court. The denials and statements were loosely made, and many of the allegations of affirmative matter were frivolous. The grounds of the motion to strike out the part of the answer were, that it was "irrelevant and redundant." After it was granted, and the appellant had failed to amend the answer, the respondent's attorney moved for judgment upon the pleadings, which the court granted, and thus terminated the litigation in that forum.

A case of so much importance is not often presented in which the pleadings are so clumsily and unskillfully drawn, and the whole affair so curtly disposed of upon technicalities, as this one. Why a concise statement of the facts constituting the cause of action and the defense was not set forth, when both parties were represented by able attorneys, is beyond my comprehension. There was but a single question in the case to be determined: Had the appellant, as sheriff, paid over to the clerk of the court all the money realized upon the execution as required by law? There was no dispute as to the amount received by him upon the sale of the property held under the attachment. The appellant claimed to have applied the portion of the money in controversy to the payment of the expenses incurred in keeping it, and $156.37 thereof, to satisfy the Stearns judgment.

If the said expenses were legitimate, and the Stearns judgment entitled to priority, then the appellant, as sheriff, had discharged his duty, and was not liable. But the facts set out in the answer show, I think, that the latter judgment did not have legal preference over that of the respondent. The appellant avers in his answer, after setting out at full length the commencement of the action in the justice's court and the issuance of attachment, that said attachment was placed in the hands of a constable for service, and was by said constable executed, by levying the same upon one large safe, together with other personal property then in the office of the defendant in the writ, at No. —— First Street, Portland, Oregon; that thereafter, on November 6, 1883, and after the time for answering had expired, a judgment was obtained in the said action, and the property attached ordered to be sold. It would seem to appear from said amended return, which the respondent's attorney generously made an exhibit of in his complaint, that the attachment was served by posting a copy on the safe claimed to have been attached. Section 147 of the Civil Code provides how property may be attached, viz.: "Personal property, capable of manual delivery to the sheriff, and not in the possession of a third person, shall be attached by taking it into his custody; other personal property, by leaving a certified copy of the writ and a notice specifying the property attached." Attachment proceedings are statutory, and unless the statute is strictly pursued, no right is acquired under them. The pleadings or exhibits do not show that either of the safes was taken into custody by the constable, or any such copy of the writ or notice served.

Besides, as suggested by the respondent's counsel at the hearing, the sheriff should not have undertaken to decide any such question of preference. He could have referred the matter to the court, and followed its direction

concerning the course to be pursued. The court had power to control his conduct in reference to the affair (section 884, subd. 5, Civil Code), and he could have submitted the question to it, and been directed as to his duty in the premises. In default of that, he should have exacted a bond of indemnity before paying over the money, except as his writ commanded. I do not think the sheriff justified in paying out the $157.36 upon the Stearns judgment.

The respondent's counsel contended upon the argument that the sheriff was entitled to no recompense for any money paid out for taking care of the property while under attachment and execution; but I cannot assent to that view. I do not think a sheriff has any right to employ keepers, repair the property, or advertise the sale of personal property in a newspaper, and charge the expense as a part of his fees. (*Cutter* v. *Howe,* 122 Mass. 541.) It is his duty to take the property into his custody, and keep it until it is finally disposed of. He has no right to employ an army of keepers, or do any act at the expense of the parties or of the property, unless it be absolutely necessary in order to preserve it. There may be expenses incurred in keeping property levied upon by attachment or execution for which the sheriff should be reimbursed beyond the statutory fees. The rule laid down in Murfree on Sheriffs, I think, is correct. The author says that "the general principle of law on this subject is, that where an officer is required to perform a duty involving disbursements of money out of pocket, he must be reimbursed, and consequently, the necessary expenses incurred by a sheriff in taking care of and preserving property attached are to be assessed and paid to him above the ordinary caption fee. These expenses do not, like taxable costs, abide the result of the suit, but constitute a charge upon the assets. The test, however,

of these allowances is their necessity." Property may often be levied upon which necessarily requires the expenditure of money. Live-stock might require to be fed; other property might be in a condition to require something done at once to prevent its spoliation; and other still require secure storage or protection. In all such cases, the officer should be repaid the amount of money reasonably expended in that behalf. But in all cases where it is possible to apply to the court for directions in regard to such matters, the application should be made. The court has a right to control the sheriff in such affairs, and its attention should be called to the matter whenever it reasonably can be, and I believe the court should audit and allow the expenses in all such cases. Such expense comes out of the proceeds of the sale of the property when sold, or out of the party failing to sustain his writ. They are allowed the sheriff as a matter of justice, and the court should be the judge in its allowance, and not the sheriff, as he is a party in interest. I think the facts set forth in the appellant's answer in this case show that he was entitled to be paid something on account of the expense he evidently was put to in order to keep the property, after it was attached, until it was finally sold on the execution. I do not think that the amount he may have paid therefor should govern, for he may have been extravagant; but he should be allowed such reasonable sum as was necessary to be paid in order to keep it properly. The reasonable expense of removing and storing it would be a proper item, or an amount that would cover such expense, in case the appellant followed some other course. Hiring a watchman, or having the property at the place of caption, might, in some cases, entail as little expense as any course that could be pursued; but if the appellant adopted a mode of keeping the property, where a less expensive one

would have answered as well, he should only be allowed the amount the cheaper mode would have cost. The case will have to go back for trial upon this question.

There were some other questions presented upon the argument which I have not deemed necessary to notice, further than the alleged hiring of the keepers, summoning of the jurors and witnesses to try the rights of property, by the appellant, at the request of the respondent, and of the promise of the latter to pay the same. The allegation is in the alternative. It is to the effect that, at the respondent's especial instance and request, or by his authorized attorney, Frank V. Drake, the appellant hired keepers, etc. It is too uncertain to serve any purpose as a pleading. It was contended upon the argument that an agreement between the sheriff and the plaintiff in the writ in regard to such matters would be good and valid. I presume it might be in some instances. Where it did not relate to the performance of a duty on the part of the officer enjoined by law, it would probably be valid as between the said parties. But I very much doubt whether it would create any liability that could be enforced in the proceeding. The appellant's services in subpœnaing witnesses to try rights of the property, though subpœnaed at the instance of the respondent, could not be paid from the money realized upon the execution. That would wrong the defendant in the execution. Bachman Brothers had the right to have that money applied upon their debt. The appellant, however, may have a claim against the respondent therefor, but it is a personal claim, and the latter must look to the claimant of the property in that contest to recover the amount of liability incurred on account thereof. The statute provides that the costs and disbursements of the trial in such cases shall be paid by the party against whom the verdict is given, or if no verdict be given, then by the party who

withdrew his claim, or directed the property to be discharged, as the case may be. (Civil Code, sec. 285.) The costs and disbursements in such a proceeding have no connection with the costs and disbursements in the action. The adjustment and payment of the former are regulated in the proceeding in which they are created, and the appellant had no right to include them in his fees or charges in the original action.

The judgment must be reversed, and a new trial had, as before indicated.