CRAMER, SHERIFF, ETC., v. OPPENSTEIN.

1. SHERIFF'S COSTS FOR DISBURSEMENTS, WHEN ALLOWABLE.— The sheriff may be reimbursed in costs for money out of pocket expended by him in good faith in taking and preserving property seized under valid process; but such costs are allowable only to the extent of reasonable and actual as well as necessary expenditures.

2. MAKING INVENTORY, NOT ALLOWABLE.— The making of an inventory of attached property is not a matter necessarily involving the expenditure of money out of pocket, and the sheriff is not entitled to costs therefor in addition to the statutory fees prescribed by statute for serving and otherwise executing attachment writs.

3. DRAYAGE, WHEN ALLOWABLE.— When the sheriff is compelled to remove a large stock of merchandise to a different place for safe-keeping, the actual and reasonable expense of drayage incurred in making such removal may be allowed in his bill of costs.

4. INSURANCE, NOT ALLOWABLE WITHOUT CONSENT.— The sheriff has an insurable interest in property seized in execution; but he cannot subject the execution debtor to the cost of insurance without his express consent.

5. NO COMMISSIONS ON EXCESS OF SALE.— The sheriff is not entitled to charge commissions on the proceeds of an execution sale in excess of the amount necessary to satisfy the execution.

6. AUCTIONEER'S COMMISSIONS, NOT ALLOWABLE WITHOUT CONSENT.— Commissions are allowed by statute to the sheriff to *compensate him* for making sale of property upon execution. He is not entitled to charge the plaintiff or defendant in the execution with the additional expense of an auctioneer without their consent.

7. REQUISITES OF GOOD PLEADING.— *Facts* not *forms* are the essential requisites of good pleading, though approved forms may aid the pleader in setting forth the facts upon which the rights of parties depend.

8. MONEYS ILLEGALLY RETAINED AS FEES AND COSTS RECOVERABLE BY ACTION.— Where the sheriff retains moneys above his proper fees and costs, the party entitled to the surplus may recover the same by action; the remedy in such cases is not limited to a proceeding to retax the sheriff's fees and costs, though that course may be pursued; and though the suit may be for treble damages under the statute, still, under appropriate allegations, there may be a recovery as for money had and received.

*Appeal from Superior Court of Denver.*

THIS was an action by the appellee Oppenstein, plaintiff below, against the appellant Cramer, sheriff, for the recovery of certain moneys alleged to have been received and illegally retained by him as sheriff.

Certain writs of execution and of attachment against Oppenstein having come into the sheriff's hands were levied upon a stock of merchandise consisting of gentlemen's furnishing goods, the property of Oppenstein. The goods were sold under the executions, and the sheriff received the sum of $7,602.25 as the proceeds of such sale. Before the money was paid over, Oppenstein compromised with his creditors, and the money in the hands of the sheriff was released from all executions and attachments, so that Oppenstein became entitled to receive the proceeds of the sale, less proper fees and costs. The sheriff paid Oppenstein the sum of $6,419.94, and retained $1,182.31 as "sheriff's fees, costs and charges," which he itemized as follows:

| | |
|---|---:|
| Levying three executions | $4 50 |
| Invoicing goods | 30 00 |
| Drayage | 26 00 |
| Insurance | 25 50 |
| Storage of goods, sixteen days | 30 50 |
| Serving papers in attachment | 26 90 |
| Advertising fees, three cases, fifty cents each | 1 50 |
| Printers' bill | 93 28 |
| Auctioneer's commission | 760 22 |
| Sheriff's commission | 151 96 |
| Custodian, three days | 30 00 |
| Mileage and return | 1 95 |
| | $1,182 31 |

In his complaint, Oppenstein claimed that certain of the foregoing charges, aggregating $948.74, were illegal and excessive. The sheriff answered and attempted to justify the charges. The cause was tried by the court without a jury, and resulted in a finding and judgment for plaintiff in the sum of $995.08 and costs. The defendant brings this appeal.

Mr. L. B. FRANCE, for appellant.

Messrs. SULLIVAN & MAY, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

It is assigned for error, *inter alia,* that the finding and judgment of the court are contrary to the law and the evidence. The plaintiff claimed that the sheriff's charges for "invoicing goods," for "drayage," for "insurance," for "custodian three days," for "sheriff's commissions," and for "auctioneer's commissions" were either altogether illegal or excessive. The trial court evidently regarded the plaintiff's claims for the most part as well founded. But as the finding does not specify the items upon which the court based its conclusion, the law and the evidence applicable to the contested matters must be considered.

1. The decisions are somewhat conflicting as to the costs which may properly be allowed to the sheriff in cases of this kind in addition to his statutory fees. But common justice, we think, requires that he should be reimbursed for *necessary expenditures of money out of pocket incurred by him in good faith in taking and preserving property seized under valid process.* The ordinary fees allowed by statute evidently were not intended to cover all extraordinary disbursements which the sheriff may be compelled to make in the faithful discharge of such duties. On the other hand, justice to litigants requires that this rule should not be unduly extended. Costs should be allowed only to the extent that expenditures are reasonable and actual as well as necessary. The sheriff cannot justify charges for disburse-

ments by showing their reasonableness unless he has in fact actually made the expenditures; neither can he justify expenditures on the ground that they have been actually made and that they are reasonable, unless he can also show that there was a legal necessity for making them. *City Bank of Leadville v. Tucker*, 7 Colo. 220; Murfree on Sheriffs, sec. 960, also, 1065, 1077; Crocker on Sheriffs, sec. 1162; Mechem on Public Officers, sec. 889; *Hanness v. Smith*, 21 N. J. Law, 496; *Crofut et al. v. Brandt*, 58 N. Y. 106; *McKeon v. Horsfall*, 88 N. Y. 429; *Dew v. Parsons*, 2 Barn. & Ald. 562.

The doctrine announced in the case of *Baldwin v. Hatch*, 54 Me. 169, is not materially different from the rule laid down in *Bank v. Tucker*, *supra*, except that it authorizes the sheriff to deduct the *necessary expenses* without procuring the amount to be "first taxed and allowed in the plaintiff's bill of costs;" and this seems to have been authorized by the Revised Statutes of that state.

2. The charge "for invoicing" cannot be sustained as a *necessary* expenditure. The statute requires the making of an "inventory," not an "invoice," of the attached property. An *invoice* is an account or catalogue of goods with the value, marks or particular description thereof annexed; an *inventory* is a list or catalogue of property merely. It is true, that attachment writs were also levied by the sheriff upon the property seized in execution. The charge "for invoicing" is attempted to be justified under that provision of the code, section 114, which requires the sheriff to make "a full inventory of the property attached." But the making of an inventory is not a matter necessarily involving the *expenditure of money out of pocket;* it is a specific act enjoined upon the sheriff in connection with the levy and service and as "a part of his return upon the writ." He can perform this act himself. Fees for the levy of executions and for the service and recording of writs of attachment are prescribed by statute. These fees were duly charged as part of the sheriff's fees and costs in the cases under con-

sideration; no complaint is made of such charges. If they were insufficient, the sheriff must look to his *poundage* or commissions for any additional compensation for making the inventory.

If the sheriff is poorly paid for some official acts he should remember that for other services he is exceedingly well compensated. Like other public officials he takes his office *cum onere*. If there is any fault in respect to the fees or costs allowed him by law, the remedy is with the legislature. Murfree on Sheriffs, secs. 1070, 1078, 1081, 1082; *Slater v. Hames*, 7 Mees. & W. 413; *Irwin v. County of Alexander*, 63 Ill. 530.

The employment of a custodian to take charge of the goods for three days while they remained in the store where the levy was made was a necessary expenditure. But the charge of $10 a day cannot be sustained, since the evidence shows without contradiction that the sheriff actually paid only $5 a day for such service. This was a clear overcharge of $15.

3. It appears that after three days the sheriff was obliged to remove the goods to another place for safe-keeping. The expense of drayage was therefore necessary; and the evidence does not show but what the charge therefor was reasonable. Though there are many authorities against such charges, we are inclined to hold that when it becomes necessary for the sheriff to remove a large stock of merchandise to a different place for safe-keeping, the actual and reasonable expense of drayage incurred by the sheriff in making the removal should be allowed in his bill of costs.

4. The charge for insurance in this case cannot be allowed. It was made, as the under-sheriff himself testified, solely at his own instance. Undoubtedly, the sheriff has an insurable interest in goods seized by him under execution or attachment; and he may insure them at his own expense or at the expense of the plaintiff, upon his request, for their better protection. But the authorities are agreed that the

sheriff is not bound to insure them. Insurance is a precaution which may be taken or omitted at the option of the party having an insurable interest in the property. The sheriff generally takes the property against the will of the debtor; and no reason is perceived why the debtor should be subjected to the cost of insurance after the levy any more than before, without his express consent. Murfree on Sheriffs, sec. 1078; Crocker on Sheriffs, sec. 371; *White v. Madison*, 26 N. Y. 117; *Browning v. Hanford*, 5 Hill, 588.

5. The charge for " sheriff's commissions " was excessive. From the evidence the court was warranted in finding that there was no agreement for the sale of all the goods levied upon. The sheriff, therefore, should not have sold more than was necessary. It is well settled that where money, received as the proceeds of an execution sale, exceeds the amount necessary to satisfy the execution, the sheriff is not entitled to charge commissions on such excess. Statutes allowing such commissions are carefully construed for the protection of the debtor and so as to offer no temptation to the sheriff to make excessive sales. Murfree on Sheriffs, sec. 1073; *Sinnickson v. Gale*, 16 N. J. Law, 21.

The three executions upon which the goods were sold in this case required the sheriff to make in the aggregate for the plaintiff only a little more than $5,000. The additional costs of levy and sale need not have increased this sum more than $300 or $350. A sale amounting to over $7,600 was therefore excessive. The sheriff charged commissions upon the full proceeds of the sale; and thus made an excessive charge of at least $45.

6. The charge for "auctioneer's commissions " was altogether illegal. According to the testimony of the undersheriff, he employed the auctioneer before speaking to Oppenstein about the matter. He says that on the morning of the sale he told Oppenstein that he was going to have an auctioneer sell the goods, and that Oppenstein said the auctioneer selected was just as good as any of them.

There is no testimony that Oppenstein expressly agreed, or consented, or even acquiesced in the employment of an auctioneer at his expense. Oppenstein testified that he did not remember having any conversation with the under-sheriff about the auctioneer. As between the sheriff and Oppenstein the court below was fully warranted in finding as a matter of fact that the sheriff employed the auctioneer upon his own responsibility, and that he was not entitled to reimbursement for auctioneer's commissions.

The law casts upon the sheriff the burden of making sales of property upon execution. Commissions are allowed by statute to compensate him for making such sales, and not to compensate him for employing some one else to make them. He is not entitled to charge either the plaintiff or defendant in the execution with the additional expense of an auctioneer without their consent. It is no argument against this view of the law, that, in the opinion of the sheriff or any number of witnesses, goods may be sold to better advantage by a professional auctioneer. The sheriff cannot be permitted to devise expedients for selling property upon execution, whereby the proceeds may be consumed, and then justify the expenditure on the ground that the means devised were wiser and better than those provided by law. His fees are controlled by the statute; his costs cannot be allowed to exceed those actual and necessary disbursements without which the property could not be taken, kept and subjected to sale. Binmore on Sheriffs, sec. 180; Crocker on Sheriffs, sec. 1162; *Griffin v. Helmbold,* 72 N. Y. 437.

7. The learned counsel for appellant insists that the plaintiff has mistaken his remedy; that there are some grave defects in the form of the action; that the plaintiff's pleadings are not sufficient to sustain the judgment as rendered; that the allegations and the evidence do not correspond, etc. These objections require but brief notice. It is generally understood at this day in this jurisdiction that *facts,* not

*forms*, are the essential requisites of good pleading, though approved forms may aid the pleader in setting forth the *facts* upon which the rights of parties depend. *Robinson C. M. Co. v. Johnson*, 13 Colo. 258; *Campbell v. Shiland*, 14 Colo. 491.

8. The sheriff having retained moneys out of the proceeds of the sale over and above his proper fees and costs, appellee, as execution debtor, was, under the circumstances, entitled to maintain an action against him to recover the moneys thus wrongfully retained. Mechem on Public Officers, sec. 884. The remedy of the execution debtor in such cases is not limited to a summary proceeding to retax the sheriff's fees and costs, though doubtless that course might have been pursued. When necessary expenditures are incurred by the sheriff in connection with the seizure or sale of property on execution, he may have such disbursements allowed by order of the court and taxed as costs; but if he assumes to charge such disbursements as costs and retains the money in payment thereof without procuring such order of allowance, he does so at his peril; and if he retains too much, he certainly cannot be heard to complain that he is sued for the excess instead of being subjected to a motion to retax the costs. These views are not in conflict with the opinion in *Bank v. Tucker, supra.*

In this action the sheriff's charges for costs have been considered as though they had been presented before the proper court for allowance as costs, as indicated in the *Bank-Tucker* opinion. It has not been insisted that such previous allowance by order of court was an absolute prerequisite to the validity of such charges. All questions of law and fact relating to the controversy have been thus considered. This has certainly been fair to appellant. It has given him his day in court to maintain his charges for costs, if he could do so, upon the law and the evidence, even though he had improperly assumed to tax and retain such costs without giving appellee an opportunity to contest their validity.

In his complaint plaintiff alleges that the sheriff committed the "illegal acts" complained of "wrongfully, wilfully and knowingly and in his official capacity;" wherefore he prays "that his damages may be trebled as provided by statute," etc.   See General Statutes 1883, pp. 273, 324, secs. 610, 817. From this it is argued that the action was penal in its nature, and not the proper one for the recovery of money illegally retained as fees.   But the complaint very specifically alleges that the moneys derived from the sale of the goods became and were the moneys of the plaintiff, freed and released from all claims of the attaching and execution creditors; that the sheriff received and retained said moneys belonging to the plaintiff and "refuses to pay the same or any part thereof to the plaintiff although requested so to do."   These allegations are good in *form* as well as in *substance,* for an action of *assumpsit, as for money had and received,* in which the plaintiff is entitled to recover *ex aequo et bono.   Hall v. Marston,* 17 Mass. 579; *Pease v. Barber,* 3 Caines (N. Y.), 266; *Rollins v. Commissioners,* 15 Colo. 104.   Moreover, plaintiff's allegations were amply sustained by the evidence.   The trial court was warranted in finding that the sheriff retained nearly $900 more than he was entitled to.   That the court did not find that this was done wilfully and knowingly, and thereupon give judgment for treble the amount, is not a matter of which appellant can justly complain.   The amount thus overcharged, with interest from the date of the execution sale to the date of trial, would fully equal the amount of the court's finding.   The allowance of interest on such overcharge is not specially complained of.

The contention that Oppenstein acquiesced and approved of the expenditures and charges made by the sheriff, and accepted without protest the sum of $6,419.94 in full of all demands on account of the proceeds of the sale, even if good in law as a defense to an action for moneys thus received and retained, must be regarded as having been resolved against the sheriff as a question of fact by the finding

of the trial court upon such evidence as precludes our interference.    Mechem on Public Officers, sec. 884.

No substantial error in the record having been shown, the judgment of the superior court is affirmed.

*Affirmed.*