## BEEMAN & CASHIN MERCANTILE COMPANY v. SORENSON.

ATTACHMENT—COSTS—EXPENSE OF KEEPING ATTACHED PROPERTY—LIABILITY OF PARTIES—ORDER OF ALLOWANCE—VACATION OF ORDER AT SUBSEQUENT TERM—JURISDICTION—APPEAL AND ERROR—PARTIES—SHERIFFS.

1. That an order allowing expenses of keeping attached property was made without notice to the party to be charged therewith is a proper ground for vacation of the order on the motion of such party.

2. A motion to vacate an order allowing expenses of keeping attached property was filed during the term at which the order was made and carried over the term without hearing. *Held,* that the court had jurisdiction at the succeeding term to hear the motion and vacate the order.

3. A District Court has jurisdiction to allow a sheriff's expenses for keeping attached property, though the application therefor is not filed until after the commencement of the term succeeding the rendition of judgment in the main case, since the filing of such application at the same term as the judgment is not a prerequisite to its allowance.

4. As between the plaintiff in an attachment suit and the officer levying the writ, the latter is a necessary party for the review on error of an order allowing him his expenses incurred in keeping the attached property and requiring their payment by the former.

5. An attachment defendant is not estopped from opposing the taxation against him of the sheriff's expenses in keeping the attached property by the fact that judgment has been rendered against him in the main cause for plaintiff's claim and costs, where no reference was made in or by the judgment to the attachment or attached property.

6. An attachment defendant is not chargeable with the expense of keeping attached property in which he has no interest, but which is owned by another person not a party to the action.

7. The expense of keeping attached property is not taxable as costs against the defendant where it is shown that the property belonged to a stranger to the action and the defendant was without any interest in it.

8. Expenses incurred by a sheriff in keeping attached property may be allowed and payment enforced in the suit wherein the attachment was levied.

9. Upon a motion or proceeding to assess against an attachment defendant the expense of keeping attached property, it is proper to permit him to show that the property attached was not his and that he had no interest in it.

10. Expenses incurred by a sheriff in keeping attached property are not taxable as costs previous to their allowance by the court or judge.

11. The allowance upon a sheriff's application of his expenses incurred in keeping attached property inures to his benefit.

[Decided April 15, 1907.]            (89 Pac., 745, 1135.)
[Rehearing denied June 10, 1907.]

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

The facts are stated in the opinion.

*J. H. Ryckman,* for plaintiff in error.

With the judgment in the main suit and the overruling of the motion for new trial the case was terminated, and the court lost jurisdiction, and the liability for costs was settled.  (3 Ency. L., 184; 5 Ency. Pl. & Pr., 109.)   The

first allowance of the sheriff's expenses amounted to a judgment against defendant, and the motion to vacate should have been made within ten days. (R. S. 1899, Sec. 3748; Ch. 66, Laws 1901.) Not having been made in that time, the motion did not carry the matter over the term. (17 Ency. L., 816; O'Keefe v. Foster, 5 Wyo., 343.) The court had no jurisdiction or power to impose the expenses on the plaintiff. (R. S. 1899, Secs. 4022, 3789, 1114.)

(*On petition for rehearing.*) A judgment not supported by the pleadings is fatally defective. (Bachman v. Sepuleda, 39 Cal., 688; 11 Ency. Pl. & Pr., 868, 877.) The defendant cannot be heard to say that the property does not belong to him. His wife, if the owner, should have proceeded to reclaim the property under Section 4449, Revised Statutes, and not having done so she is estopped, as well as the defendant for not moving to discharge the property. The clerk's taxation of the costs must be presumed to have occurred properly. The defendant should have moved for a retaxation of the costs in a reasonable time. Otherwise he is estopped.

*P. W. Spaulding,* for defendant in error.

The indorsement by the judge upon the sheriff's application of the words "order allowed" was not a judgment. It was at most but an order. (R. S. 1899, Sec. 3751.) The motion to vacate carried the order over the term, so that the court did not lose jurisdiction. The property was attached on an alias writ for which there is no authority in justice court. (Cheeseman v. Fenton, 80 Pac., 823 (Wyo.); Drake on Attachments (5th Ed.), Ch. 1; Carr v. Brew. Co., 94 Ill. App., 225; Woods Co. v. Bank, 172 Ill., 192; Dye v. Crary, 78 Pac., 533; Wilson v. Striker, 66 Ga., 575; Buck v. Coy, 72 Ill. App., 160; R. S. 1899, Sec. 4452.)

Defendant had the right to show that he did not own the attached property, and thus relieve himself from liability for the expense of its keeping. The evidence sustains his contention as to ownership.

POTTER, CHIEF JUSTICE.

The Beeman & Cashin Mercantile Company brought an action in justice court against Henry Sorenson for the recovery of a money judgment, and secured the issuance of a writ of attachment at the commencement of the suit. Subsequently an alias writ of attachment was issued, under which the deputy sheriff attached certain mares as the property of the defendant. The trial before the justice of the peace resulted in a judgment for the defendant and an order discharging the attachment and releasing the attached property. An appeal was taken to the District Court, where a trial was had *de novo*, and a judgment rendered for the plaintiff for a part of its claim and costs, and execution was awarded, but without any reference in the judgment to the attachment or the attached property. The judgment was rendered April 10, 1905. On May 5, 1905, the defendant paid to the clerk of court the amount of the judgment, together with the costs, excepting certain expenses incurred by the deputy sheriff in keeping and caring for the attached property. It does not appear, however, whether or not the amount of those expenses had been certified by the sheriff to the clerk and attempted to be entered by the latter as costs in the case at the time of defendant's payment; but no order allowing the amount had then been made, nor had there then been any application for such order, so far as the record discloses.

Subsequently, and during the same term of court, the plaintiff filed an affidavit of the deputy sheriff, pursuant to the provisions of Section 1114, Revised Statutes of 1899, showing the expense necessarily incurred in the keeping and caring for the attached property, and praying an allowance of the same to the sheriff. At the foot of that affidavit was endorsed over the signature of the trial judge, "Order allowed," though no formal order was entered. Afterward, and at the same term, the defendant Sorenson filed a motion to vacate the supposed order upon several grounds, one being that the defendant had not been notified of the applica-

tion, and another that defendant was not the owner nor in possession of the property attached at the time of the attachment or at any time subsequently, and had no interest therein. That motion went over the term without action, and at the next succeeding term the previous order, which was referred to as the "so-called order," allowing the officer's expenses in the matter aforesaid, was vacated. Thereupon the plaintiff filed another and similar affidavit, together with a motion that the amount of the expense be allowed the sheriff.

The last mentioned motion was opposed by written objections filed on behalf of the defendant supported by affidavits. The several objections briefly stated were as follows: (1) Because plaintiff's said motion was not filed until after the expiration of the April term at which the final judgment in the case had been rendered. (2) Because the property had not been taken under any valid writ of attachment. (4) Because the alias writ of attachment was invalid. (5) Because the property was not at the time when taken by the sheriff or at any time subsequent thereto the property of or in the possession of defendant, and that the defendant did not have any interest therein or any part thereof. The affidavits supporting such objections tended to show that the attached property did not belong to the defendant when the attachment was levied or at any time afterward, but that the same belonged to the wife of defendant, and that before the execution of the writ, defendant's attorney had so notified the officer. Counter affidavits were filed by plaintiff upon the question of the ownership of the property. Upon a hearing the court denied plaintiff's motion, and entered judgment against the plaintiff for the amount of the expense so incurred by the sheriff, together with accruing costs for the care of the attached property, and ordered that execution issue therefor. A motion was afterward filed by the plaintiff to retax such costs by assessing them against the defendant instead of the plaintiff. That motion was denied, and the plaintiff brings the case here on error.

The ultimate question involved is whether the defendant should be held liable for the expenses incurred by the sheriff

in the care of the attached property.   Both parties, however, have raised questions relative to the jurisdiction of the trial court after the expiration of the term at which the judgment in the case upon the merits of the main issue was rendered. The defendant insisted by his objections to the motion finally determined by the order complained of, and here contends, that if for no other reason the motion was properly denied because it was not filed' until the term succeeding the one at which judgment had been rendered.   The plaintiff, on the other hand, contends that the court was without jurisdiction to vacate the order of the preceding term allowing the sheriff's expenses, and that the subsequent orders are for that reason void.   We do not think there is any merit in the contention of either party as to want of jurisdiction.   In the first place defendant's motion to vacate the supposed order of allowance was filed at the same term, and not having been heard at that term was carried over until the succeeding term for hearing and determination, and necessarily for that purpose carried over with it the order which it assailed, assuming that the defendant had a right to file the motion, which can hardly be denied, if, as supposed, the effect of the order was to place the liability for the sheriff's expenses upon the defendant.   He had not been heard on the matter, and one ground of his motion to vacate the order was the alleged fact that he had not been notified of the application upon which it was granted.   It might be suggested that whether the order first made imposed the expense upon the defendant would perhaps be doubtful, since the order itself contained no such direction and no prayer in that respect was embodied in the application on which it was granted, and the attachment was not in any way referred to in the previous judgment.   But, however that may be, it is at least clear that the defendant was not estopped or barred by anything in the judgment from opposing the subsequent attempt to fasten the liability for the expense upon him; and, to avoid the possible construction that the costs of suit carried by the judgment would cover such expense, it was certainly proper

for the defendant, who had paid the face of the judgment and all costs taxable at the time of payment, to move for a vacation of the order of allowance, assuming the judge's endorsement upon the officer's affidavit to have had the effect of such an order. And it cannot be doubted that its vacation was warranted upon the ground that it had been granted without notice to defendant and an opportunity on his part to be heard, so far at least as it might be held to impose the additional liability upon him.

We suppose that an officer's application for an order allowing expenses incurred by him in keeping attached property should be made within a reasonable time, to be determined upon the circumstances of each case, and that unreasonable delay, where the situation has so changed without fault of the party to be charged as to render the allowance unjust, might authorize on that ground a disallowance of the claim; but there is nothing in the statute or the nature of the application which necessarily requires the application or the order to be made at the same term as the judgment in the main case; and the previous order having been vacated at the succeeding term, no substantial reason is perceived why another or an amended application if deemed essential could not be filed, as was done in the case at bar, nor why the court would be without jurisdiction at that time to entertain and determine it. Upon the circumstances of this case we think the court had jurisdiction.

The statute expressly authorizes the proper court or judge to make an allowance in favor of the sheriff for his actual and necessary expenses incurred in the taking, keeping or storing, maintaining or subsisting of any property when rendered necessary in the execution of his duties. (Rev. Stat. 1899, Sec. 1114.) The allowance is required to be made upon the affidavit of the sheriff or his deputy, or the under sheriff, showing in detail all items of expense so incurred, and that the same were actually or necessarily incurred in the particular case, though it is expressly provided that other evidence to sustain the claim may be required

before its allowance. The same section of the statute also provides that before incurring any such expense the sheriff may demand from the party for whose benefit it is to be incurred a sufficient deposit to cover the same. The right to require an advance deposit is in conformity with the policy of the preceding section (1113), declaring that a sheriff's fees in civil cases are payable in advance when so demanded. The plaintiff was, therefore, liable to the officer for the expenses in question, and for that reason, as well as the further reason that the sheriff has not been made a party to this proceeding in error, the plaintiff is not in a position here, as between itself and the officer, to complain of that part of the order appealed from which imposes the expenses in question upon it. But plaintiff's motion for the allowance of the officer's expenses, based upon the affidavit of the deputy sheriff, seems to have been taken by the parties as well as the court as an application for the taxation of the particular expenses against the defendant in addition to other costs of suit, or at least to have them included in the general costs of suit imposed upon the defendant by the previous judgment, and the later motion to retax was made expressly for the purpose of taxing them against defendant. Treating the motion as having that effect and the objection here presented by the plaintiff to the denial of that motion as an objection to the refusal of the court below to tax the expenses against the defendant, we shall assume, without necessarily deciding the question, that the order in that respect may be reviewed without making the officer a party, since the real contest in that particular is between the plaintiff and defendant, and the officer would seem to be protected by the personal liability to him of the plaintiff, and since also the question is not material in the view we take of the case, and the point as to the necessity of the making the officer a party was not raised by counsel.

The order of the court denying the motion of plaintiff does not state the particular grounds upon which it was

denied, but we may infer from the record that the court based its action at least in part upon the ground that the defendant had no interest in the attached property. At any rate if the fact that the defendant had no interest in the property would constitute a sufficient ground for the denial of the motion to tax the expense for its care and keeping against him, we may assume, nothing appearing to the contrary, and the evidence upon that matter being amply sufficient to sustain it, that the court found upon the evidence that the defendant had no interest in the property, and upon that ground refused to assess the expenses against him.

Although the plaintiff at whose instance an officer levies upon property under a writ of attachment is primarily liable to the officer for expenses incurred in keeping and maintaining the property pending the suit, such expense will eventually fall upon the debtor in case the plaintiff recovers in the action and obtains a sale of the property, since the officer may deduct such expenses from the proceeds before paying them over to the creditor, unless indeed the latter shall have previously paid them, in which case he may deduct the amount of such expenses from the proceeds before crediting them upon. the judgment. (4 Cyc., 721; City Bank v. Tucker, 7 Colo., 220; 3 Pac., 217.) The theory that in such case the expense falls upon the debtor rests upon the assumption that the property attached and sold belonged to the debtor, for it is evident that though the expenses be taken out of the proceeds of the sale of the attached property they would not come out of the debtor unless such property had belonged to him, or he had a sufficient attachable interest in the same to cover the amount. The earlier cases hold where live stock is attached that the defendant is bound to support it and is responsible for such expense if judgment is rendered against him, and, further, that if such live stock should perish the loss would fall upon defendant in case of his failure to support the same after notice from the officer to do so. But that rule, it is evident,

was based upon the theory that the defendant owned the property; it certainly could not have been held that a defendant would be liable for the loss of live stock attached in a suit against him because of his failure to support it if it did not belong to him.

It may be stated that had the property attached in this case been sold and the expenses of its maintenance paid out of the proceeds, the defendant would have had no cause of complaint, the property not being his. But it is well settled under such circumstances that the true owner in a suit against an officer for a conversion of the property cannot be charged with the expenses incurred in keeping the same while in the officer's possession, for the obvious reason that the officer's act in taking and keeping the property of some person other than the attachment defendant amounts to a trespass.

When an attachment suit is dismissed, the attachment discharged, or defendant prevails in the final determination of the cause, it is well settled that the officer has no lien upon the property or its proceeds as against the defendant, though the property be his, but in such cases the expenses of keeping the attached property fall upon the plaintiff. (4 Cyc., 722; City Bank v. Tucker, *supra;* Deering v. Wisherd, 46 Neb., 720; Snead v. Wegman, 27 Mo., 176; Ward v. Barnes, 95 Ga., 103; Schneider v. Sears, 13 Ore., 69 (8 Pac., 841); Alexander v. Wilson (Cal.), 79 Pac., 274; 1 Wade on Attachment, Sec. 181.) The manifest underlying principle in such cases is that because of the failure of the plaintiff to maintain his suit or attachment against the defendant and his lien upon the attached property there is no ground for requiring defendant to pay the expenses incurred in keeping the property, but in such cases the writ having been levied upon the property at plaintiff's request he is not only primarily but ultimately liable to the sheriff or other officer for the expenses so incurred.

The rules above stated do not in terms cover the facts of this case. Here the property was not sold, the attachment

was not discharged, nor the case dismissed, nor did defendant prevail in the final determination of the cause. But where it is shown that the defendant had no attachable interest in the property taken by the officer, the principle must be the same, we think, if it is attempted to tax the expense of keeping against the defendant personally, as in the case of the discharge of the attachment or where defendant prevails in the main suit. No case has been cited, nor has any come under our observation, which holds the expense in such case as this to be taxable against the defendant; nor, indeed, have we noticed or been cited to a case holding the contrary. But it is difficult to conceive any reasonable ground for holding a defendant personally liable as for costs for the expenses of keeping attached property which did not belong to him and in which he had no attachable interest.

It is quite generally held that a motion to dissolve an attachment on the ground that the defendant has no interest in the attached property will not be sustained, for the reason that the seizure of property not belonging to the defendant can do him no possible injury. (4 Cyc., 775.) It is evident that the courts holding to that doctrine have not supposed that a defendant could be personally charged with and required to pay the expense of maintaining attached property not belonging to him, for should that be possible, he might be very materially injured by the attachment of such property.

In an early Maryland case assumpsit was brought by a sheriff against a party who had caused the issuance of writs of attachment and their levy on certain property in which defendant had no interest at the time the writ of attachment was issued. The suit was brought to recover for poundage and other fees due to the sheriff on the ground that the court had decided that the attached property did not belong to the defendant and was not liable to be condemned on the writs of attachment or any of them, but belonged to another who claimed it and to whom the right of possession had been

adjudged.   The plaintiff was allowed to recover and it does not appear that any attempt was made to recover them from or to tax them against the defendant in those suits.    (Maddox v. Cranch, 4 H. & M., 343.)

In the California case of Alexander v. Wilson, *supra,* the suit was brought by an attachment plaintiff against the sheriff for damages resulting from the failure of the latter to sell under execution property previously held under attachment.   The sheriff was held to have been justified in his refusal to sell by reason of the fact that the attachment had been levied against an insolvent defendant, who shortly thereafter was adjudged a bankrupt, whereupon, the attachment being void, the property had passed to the trustee in bankruptcy (77 Pac., 706), and in a later opinion (79 Pac., 274) the expense of keeping the attached property was held allowable in favor of the sheriff and against the attachment plaintiff.   Thus in that case the attachment had not been formally dissolved, nor had the property been sold, but since, by virtue of the statute, the property, as of the date of the attachment, was to be regarded as belonging to the trustee in bankruptcy, and, therefore, not attachable against the defendant, the plaintiff was liable for the expenses of maintenance.   The exact question before us was, of course, not there involved, but the case is one of several which, although presenting slightly different circumstances, illustrates the principle that should be applied to the facts in this case.

In order to charge the defendant with a personal liability for the expenses in controversy the plaintiff or the officer must have secured some substantial right against the defendant by reason of the attachment upon the property, or thereby obtained some lien upon the property for the satisfaction whereof the defendant would be responsible.   That no such right or lien is acquired, or at least preserved, where the attachment or suit has been dismissed, or the defendant prevails in the suit, is manifestly the fundamental reason for throwing the expense of maintenance in such cases upon the plaintiff, instead of the defendant.   The same situation in effect exists where defendant is without an attachable

interest in the property. Clearly the levy of an attachment reaches only the interest of the attachment defendant, and is a lien to the extent only of that interest, and where the defendant has no interest there can be no lien; it is difficult therefore to understand how there can arise any personal liability of the defendant growing out of the attachment.

The argument that the court had no right to consider the ownership of the property, but was bound to treat it as belonging to defendant, is not tenable. The defendant had a right to oppose the attempt to tax the expense against him upon any existing ground not previously adjudicated against him. His lack of interest in the property was, therefore, pertinent to the inquiry suggested by the objections to the motion. Had the officer sought by independent suit to hold the defendant for these expenses, it would clearly have been competent in defense for the defendant to set up and maintain that his proprty had not been attached; and where it is permissible to have the expenses allowed and the liability of the proper party enforced in the suit wherein the attachment was levied, as we think it is by clear implication of our statute, and upon authority, the same objections must be held open to the party attempted to be charged, as though a separate suit had been brought. The chief point involved in the Colorado case of Bank v. Tucker, *supra*, was whether such expenses could be enforced in the attachment proceeding against the plaintiff, who was in that case the responsible party, and it was held that, though the officer might maintain a separate suit, he was not required to do so, but might present his bill in the attachment proceeding and procure an order allowing it, and that the amount so allowed could then be taxed and recovered as other costs of the suit. The same conclusion was reached in Mitchell & Lewis Co. v. Denning, 23 Ore., 448 (32 Pac., 394), where the suit had been dismissed. The court said: "The sheriff should, in such cases, be paid promptly for his service, and reimbused for such reasonable sums of money as he has been obliged to incur in the care of the attached property. The reasonableness of these charges should be determined by the court or judge

upon the presentation of the sheriff's claim and proof of the justice thereof. The plaintiff should have notice of the claim, and be allowed to object thereto, and, when the court or judge determined what was just and reasonably due the sheriff, that sum should be taxed and entered as costs and disbursements against the plaintiff and in favor of the officer." Other cases to the same effect might be cited. But we think our statute proceeds upon that theory. Evidently in cases where the plaintiff is sought to be charged because of the dismissal of the cause, or some other analogous reason, he may present an objection that would be available in a separate suit against him, since the whole matter of his liability is before the court for determination. Why is not a like privilege open to a defendant when it is attempted to charge him with the expenses? We do not think the previous judgment for costs necessarily included these expenses. In the first place they were not costs at all until allowed by the court or judge, and the clerk had no authority to tax them until their allowance. They were no part of the costs incurred in bringing to trial the issue in the main case which resulted in a judgment for the plaintiff. There was personal service upon defendant, and a personal appearance by him in the suit, and the judgment, therefore, did not depend upon the validity or effectual character of the attachment. Nothing had been previously determined by the District Court in relation to the attachment, and it was, therefore, unhampered by any previous proceeding or order from making such disposition of the matter as might be deemed proper under the peculiar circumstances of the case. The other points discussed in the briefs need not be considered.

As we perceive no error in the record the orders complained of will be affirmed.                    *Affirmed.*

SCOTT, J., and MATSON, District Judge, concur.

MR. JUSTICE BEARD having announced his disqualification to sit in the case, HON. RODERICK N. MATSON, Judge of the First Judicial District, was called in to sit in his stead.

ON PETITION FOR REHEARING.

POTTER, CHIEF JUSTICE.

It is suggested on petition for rehearing that the judgment appealed from was not prayed for by either the defendant or the sheriff and was not based upon any pleadings, nor any motion or paper filed in the case; that the judgment does not inure to the benefit of the sheriff, but is a judgment in favor of the defendant. The last point ignores both the statute and the judgment. The statute expressly says that the whole of the allowance made for keeping attached property shall inure to the benefit of the sheriff, and it is well settled both upon reason and authority that a judgment for the amount allowed may be rendered in the attachment suit; and in several of the cases cited in the former opinion the judgment therefor was rendered against the plaintiff in the action. The judgment is not one in favor of the defendant; it does not purport to be in his favor. The order reads: "and that judgment be entered against the plaintiff herein for said costs." In connection with the statute the judgment clearly inured to the benefit of the sheriff.

If it was apparently true that the judgment was not based upon pleadings or a paper of any kind, the point could not be considered in the absence of the sheriff as a party to the proceeding in error. But an affidavit of the officer was on file, pursuant to the statute, and that was sufficient to authorize an allowance of the amount expended, and it not appearing that the same had been paid to the officer a judgment against the party liable was plainly permissible. Counsel refers to the taxation of these costs by the clerk as though they had been so taxed previous to their allowance. Such taxation would be unauthorized. The amount would not become taxable as costs until allowed by the court or judge. It does not, however, appear by the record that the amount was taxed before the payment by the defendant of the judgment in the main case.

The proceeding resulting in the judgment complained of was not a proceeding to establish the claim of defendant's wife to the attached property. It was one in which the sheriff sought an allowance for his expenses and the plaintiff sought to have the amount imposed upon defendant; and defendant's appearance in the proceeding was for the purpose of avoiding any such additional obligation. Rehearing will be denied.                *Rehearing denied.*

SCOTT, JUSTICE, concurs.