## MITCHELL & LEWIS CO. *v.* F. T. DOWNING ET AL.

[S. C. 32 Pac. Rep. 394.]

1. NONSUIT — COSTS AND DISBURSEMENTS — CODE, ¿ 246.—A court may in its discretion grant a nonsuit without requiring payment of the costs, but the rule is that the proper charges of the officers of the court must be paid as a condition precedent to voluntary dismissal; and if such charges are not paid, it is the duty of the court to render judgment against the plaintiff for their amount.

2. ATTACHMENT — SHERIFFS — EXPENSE OF KEEPING ATTACHED PROPERTY.— The expense of keeping attached property, under the Oregon Code, is neither a cost nor a disbursement; but the court should see that the reasonable charges of its officers are taxed in the cost bill against the plaintiff. The reasonableness of the charges should be determined by the court, upon notice to the plaintiff and upon proper proof. *Schneider* v. *Sears,* 13 Or. 69, cited and approved.

3. SHERIFF'S EXPENSES — ESTOPPEL.— Where a sheriff claims ninety-four dollars fees, and the action is agreed to be settled on the basis of that charge, a larger amount ought not to be allowed on a claim put in after the motion to dismiss has been filed, without a trial by the court.

4. APPEAL — MOTION FOR NEW TRIAL — FINAL ORDER — CODE, ¿ 535.—While a motion for a new trial is pending, there is no "final order" from which an appeal can be taken. The six months limited for an appeal begins to run from the time the motion for a new trial is overruled.

5. NEW TRIAL — DISCRETION OF COURT.— A motion for a new trial is always addressed to the sound discretion of the trial court; but in this case the record shows excusable neglect, and the judgment should have been set aside.

### Jackson County: LIONEL R. WEBSTER, Judge.

Mitchell & Lewis Company began an action against one Downing and attached some live stock. The case was compromised on the statement of the sheriff, Birdsey, that his costs and charges were $94. When the motion to dismiss came up. Birdsey filed his petition,

showing that his charges were $217, and praying for judgment against the plaintiff. After some delays the judgment was granted, and from a refusal to set aside that judgment the plaintiff appeals. Reversed.

*Cicero M. Idleman*, and *Robert A. Miller*, for Appellant.

*Wm. M. Colvig*, for Birdsey, Sheriff.

This is an appeal from an order of the court refusing to set aside a judgment, and grows out of the following facts: Plaintiff commenced an action against the defendants Downing et al., and caused a writ of attachment to be issued, which was placed in the hands of James G. Birdsey, sheriff of Jackson County, for service, who, in pursuance thereof, attached and took into his possession some live stock and other personal property of the defendants. Before the issues were joined, a settlement was had between the parties, and plaintiff agreed to pay the costs, which the sheriff reported to be $94.30, and on February 7, 1891, moved the court for an order dismissing the action. A controversy then arose between the plaintiff and the sheriff, in which the latter claimed that there was due him on account of feed furnished for the stock attached, for maintaining a keeper of the property, and for his disbursements, the sum of $217.15, instead of $94.30, as had been reported. On April 1, 1891, the sheriff filed an itemized account of his claim, and petitioned the court for its allowance and approval, and prayed for a judgment against the plaintiff for the amount, to be taxed as costs and disbursements. On April 13, 1891, the court made an order that a certified copy of the petition be served upon R. A. Miller, plaintiff's attorney, giving him ten days after such service within which to answer or object thereto. On April 18, 1891, Mr. Miller demurred to the petition on the ground that the court had no jurisdiction of the person of the plaintiff nor of the subject of the action. This demurrer was, on September 4, 1891, overruled by the

court, and plaintiff given till the ninth of that month to answer.   On September 11, 1891, the court, upon the failure of the plaintiff to further plead, approved and allowed the claim of the sheriff, rendered judgment against the plaintiff for the amount, which was taxed and entered as costs and disbursements in favor of the sheriff, and dismissed the action of the plaintiff against the defendants.   On October 8, 1891, plaintiff's attorney filed his affidavit, and those of others, in which he showed that he was acting as the junior counsel for plaintiff, and that in consequence of the failure to receive directions from the senior counsel, who resided in a distant city, he had failed to file objections to the petition within the time allowed, and moved the court to set aside the judgment and allow him to plead to the merits of the petition. The court took this motion under advisement, and on April 13, 1892, denied the same, from which order and judgment the plaintiff appeals.

MOORE J. (after stating the facts as above).—There are two questions presented by this appeal:   *First*, the right of the court to enter judgment against plaintiff in favor of the sheriff, to be taxed as costs and disbursements; and *second*, whether there has been an abuse of discretion in refusing to set aside the judgment.

1.   Section 246 of Hill's Code provides that a judgment of nonsuit may be given against the plaintiff on his motion at any time before trial, unless a counter-claim has been filed as a defense.   The right to dismiss an action is not an absolute one which the plaintiff can exercise without leave of the court, but it is addressed to the discretion of that tribunal, and may, in some instances, such as infancy, misjoinder and a few others, be granted without the payment of costs.   In all other cases, as a general rule, a nonsuit must be granted by the court only when the plaintiff has paid the costs.   It is the duty of the court, in dismissing an action upon plaintiff's motion, to see that the costs of its officers are paid, or to render

judgment against him for the amount.   It has been uniformly held that a plaintiff cannot dismiss his action without the payment of costs : *Young* v. *Bush*, 36 How. Pr. 241.   At common law there were no costs by that name, but when the plaintiff failed he was amerced for presenting his false claim; and when judgment was rendered against the defendant, he was fined for resisting the just claim of the plaintiff.   Hence costs by statute grew out of these fines at common law.   By the statute of this state costs are the amounts awarded the prevailing party as attorneys' fees, and take the place of the common law fines ; disbursements are the fees of officers, and all other expenses necessarily incurred in the preparation for and trial of causes, for which the statute has prescribed the amount to be paid; and it is made the duty of the clerk to tax the same when judgment is rendered, and any person aggrieved thereby may appeal to the court or judge and have the taxation reviewed.   "The court will see that its officers do their whole duty, and will hold them to a strict performance of every requirement of the law; and while this is true, it will also see that the just and reasonable charges of its officers are fully paid."   *   *   *   "When, therefore, a sheriff, at the instance of the plaintiff, levies upon the property of the defendant and incurs expenses in securing it, he will not be driven to an action to recover his costs and fees in case that the proceedings are dismissed by the order of the plaintiff; in such case judgment will be entered in his favor against the plaintiff, and execution will be issued therefor": Murfree, Sheriffs, § 1079.

2.   The expense of keeping property held under attachment is neither a cost nor a disbursement under the statute, since the reasonableness of such charges is not and cannot be fixed by law, and hence the clerk, who is only a ministerial officer, cannot determine the amount due nor tax the same, and the only person authorized to determine the reasonableness of such charges is the court or judge.   In *Bank of Leadville* v. *Tucker*, 7 Col. 220,

(3 Pac. Rep. 217), a sheriff had attached property and appointed a keeper thereof. The action was subsequently dismissed, and the clerk taxed, as a part of the costs, the expense of the keeper, and judgment was rendered against the plaintiff for this amount. The court, in passing upon this question, said: "To require the institution of a separate suit in every case where the sheriff fails to collect fees in advance, would be disastrous to litigants as well as himself. There is no necessity for such rules; if these expenses are allowed as costs, and taxed by the clerk, the party dissatisfied can, by a motion to retax, as fully and fairly inquire into and try the legality, justice, and reasonableness of the same as he could in another action." In *Schneider* v. *Sears*, 13 Or. 76 (8 Pac. Rep. 841), THAYER, J., says: "In all such cases the officers should be repaid the amount of money reasonably expended in that behalf. But in all cases where it is possible to apply to the court for directions in regard to such matters, the applications should be made. The court has a right to control the sheriff in such affairs, and its attention should be called to the matter whenever it reasonably can be, and I believe the court should audit and allow the expenses in all such cases."

The law requires the sheriff to act promptly in the service of a writ of attachment, and the court holds him to a strict performance of every duty connected therewith. Often writs of attachment reach him by mail, and if he delayed their execution till the plaintiff could send him the necessary means to pay his costs and to defray the incidental expenses of removing and guarding attached property, which can never be fully determined in advance, the claim sought to be secured might become wholly lost. The sheriff is the plaintiff's agent, and must do all in his power to enforce the writ and secure the claim. What encouragement would there be for a sheriff to make extra endeavors to secure a claim if, when he had made a levy and been obliged to incur expense in maintaining a keeper, in storing the attached goods, or

in making any other necessary outlay of money, the plaintiff could, upon his own motion, and without consulting the officer, dismiss the action, and thus compel the sheriff to commence proceedings against him to enforce the payment of his just claim,—a claim in which the sheriff had no personal or pecuniary interest; one in which the money must be paid to others who had done the work or furnished the supplies, and for which the sheriff was primarily liable?  There would be neither justice nor reason in such a rule.  The sheriff should in such cases be paid promptly for his service, and reïmbursed for such reasonable sums of money as he had been obliged to incur in the care of the attached property. The reasonableness of these charges should be determined by the court or judge upon the presentation of the sheriff's claim and proof of the justice thereof.  The plaintiff should have notice of the claim, and be allowed to object thereto, and when the court or judge determined what was just and reasonably due the sheriff, that sum should be taxed and entered as costs and disbursements against the plaintiff and in favor of the officer.  It is only by such means that prompt and efficient service can reasonably be expected from the sheriff.

3.    The affidavits filed in support of the motion to set the judgment aside showed that when plaintiff and defendant were negotiating a settlement, application was made to the officer for a statement of the costs and other expenses of the action, and he informed them that they were ninety-four dollars and thirty cents, which sum plaintiff agreed to pay, and that upon this basis the settlement was effected; that thereafter the sheriff set up a claim of two hundred and seventeen dollars and fifteen cents as the amount due.  The affidavits also showed that R. A. Miller was the junior counsel in the case, and that when the demurrer was overruled by the court he at once asked the advice of the senior counsel, but that the letter from them containing their instructions did not reach him until after the judgment had been entered.  It

appears to us that the affidavits and answer presented show that there was an excusable neglect on the part of R. A. Miller, as junior counsel, and that there was an equitable estoppel against the sheriff that should have been tried by the court or judge, in relation to the amount claimed by the sheriff.

4.   The record also shows that the judgment was entered September 11, 1891, the motion to set the same aside was made on the eighth of the next month, the court took the same under advisement until April 13, 1892, and the notice of appeal was filed and served July 1, 1892. The respondents moved to dismiss the appeal for the reason that the same had not been taken within six months from the entry of the judgment. While the motion for a new trial was pending, there was no final judgment from which an appeal could be taken. The appellant had a right to rely upon that motion, and till it was disposed of there was no "final order": Code, § 535. In *Railroad Co.* v. *Doane*, 105 Ind. 92 (4 N. E. Rep. 419), the court, in a similar case, says : " It is quite clear that if the appellant had brought up this case before a ruling on the motion, the appeal would have been dismissed on the ground that it was prematurely taken."

5.   Every motion to set a judgment aside is addressed to the sound discretion of the court, and will not be reviewed unless there appears to have been an abuse of such discretion.

For these reasons the judgment will be reversed and inquiry had upon the issues tendered.