## Village of New Holland et al. v. Oliver W. Holland.

1. MANDAMUS—*For the Disconnection of Territory.*—Under the act of 1879 (Laws 1879, p. 77), where parties who desire to disconnect territory, present to the municipal authorities a petition in compliance with the statute, it is the imperative duty of such authorities to disconnect the lands.

2. APPELLATE COURT—*Solely a Court of Appeal.*—The Appellate Court has no original jurisdiction. It is solely a court of appeal; its duties are limited to reviewing the proceedings of trial courts and in a case where such proceedings are regular, and the final judgment justified by the law in force at the time it was rendered, the judgment should be affirmed.

3. JUDGMENTS—*Merger of Rights in.*—The rule is one of universal application, that whatever the previous cause of action may have been, when merged into a judgment, the rights of the parties are beyond legislative interference.

4. SAME—*When Not Affected by Subsequent Legislative Enactments.* —It is not competent for the legislature to pass an act which deprives a citizen of the fruits of a judgment obtained before its passage.

**Mandamus,** to disconnect territory. Appeal from the Circuit Court of Logan County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

BALDWIN & STRINGER, attorneys for appellants.

BLINN & HARRIS, attorneys for appellee.

OPINION PER CURIAM.

At the September term, 1900, of the Logan County Circuit Court, appellee filed a petition for mandamus to compel appellants to pass an ordinance disconnecting certain territory within the boundary of New Holland, a village, in accordance with the disconnecting territory act of 1879. To the petition, appellants interposed a number of pleas, some of which set up that the territory sought to be disconnected did not lie upon the border of the village, because certain strips of land used by the public for travel, as roads and streets, intervened, and some set up that some of the territory was divided into lots and blocks. The court sus-

tained a demurrer to all the pleas and awarded a peremptory writ of mandamus as prayed for. An appeal was perfected on the 17th of December, 1900, but the case comes here without a bill of exceptions.

It is assigned for error that the court refused to allow appellants to file additional pleas, upon the ground that they presented no defense, and that the court ordered the writ to issue upon the averments in the petition without hearing any proofs. In the absence of a bill of exceptions, these alleged matters of error can not be considered. The sufficiency of the petition and the sufficiency of the pleas filed are the only questions in the record properly presented for our determination.

To the third point of appellant's brief, that it was within the discretion of the village board of trustees to grant or refuse the application to disconnect, it is only necessary to say that the decision of the Supreme Court in the case of Young et al. v. Carey et al., 184 Ill. 613, settles that question to the contrary. Under that decision and a number of others that have since been rendered by this court, the petition for mandamus was sufficient.

The pleas which set up as a defense that strips of land used as public roads lie between the village and the land sought to be disconnected, were bad. In the statute authorizing the disconnecting sought to be enforced, there is nothing indicating that a public road or street between the village and the owner's land would be an obstacle to his invoking the aid of the statute.

The pleas which attempted to set up that some part of the land had been laid off into lots and blocks are bad because they do not definitely show that the lots and blocks are not contained within the exception named in the petition.

The most serious question arises upon the effect which certain recent legislation has upon the rights of the parties to the record. The last general assembly passed an act, May 10, 1901, with an emergency clause repealing the act of 1879, and expressly making the granting of a petition to

disconnect territory discretionary with the city council or village board of trustees to whom presented. The fourth section of the act reads :

" This act shall apply to and affect all cases where property has not been disconnected by such city council or trustees of such village, whether application has been made for disconnection or not."

The final judgment of the Circuit Court was rendered November 26, 1900.

No one of the errors assigned upon the record by appellants is found to exist. Upon the contrary, we find all the proceedings in the Circuit Court regular, and the final judgment in perfect accordance with the law in force at the time it was rendered. But we are asked to reverse the judgment because the statute authorizing it has since been repealed. This court has no original jurisdiction. It is solely a court of appeal and its duties are limited to reviewing the proceedings in trial courts. It would seem, then, that in a case where the proceedings are regular and the final judgment was justified by the law in force at the time it was rendered, the judgment should be affirmed.

The statute of 1879 gave appellees the right to have their land detached upon presenting to appellants a petition in compliance with the statute. The conditions existed which made it the imperative duty of appellants to detach the lands. Refusing, they were coerced into a performance of that duty by a judgment of the Circuit Court, a judgment which definitely fixed the rights of the parties. The rule is one of universal application that whatever the previous cause of action may have been, when merged into a judgment, the rights of the parties are beyond legislative interference. The judgment then becomes a property right. It is not competent for the legislature to pass an act which deprives a citizen of the fruits of a judgment obtained before its passage. (Dobbins et al. v. First National Bank, 112 Ill. 553; Fisher et al. v. Green et al., 142 Ill. 80.) The act of May 10, 1901, does not make a mere change in the remedy. Under the decision of Young v. Carey, 184

Ill. 613, appellees had an absolute right to have their lands detached. That right had merged into a judgment. The act of 1901 not only took from all parties owning lands bordering on a village that right, but sought to set aside and annul appellees' judgment. Judgment affirmed.