Argued March 8, decided March 28; rehearing denied June 13, 1911.

## ADAMS *v.* MacKENZIE.

[114 Pac. 460.]

MECHANICS' LIENS—ENFORCEMENT—EVIDENCE—BURDEN OF PROOF.

In a suit by a contractor to enforce a mechanic's lien, the burden of proof is upon him to show a substantial compliance with the contract, as modified and changed from time to time.

From Multnomah: JOHN B. CLELAND, Judge.

This is a suit by W. A. Adams against W. F. Mac-Kenzie and Ida May MacKenzie to foreclose a mechanic's lien. From a decree in favor of defendants, plaintiff appeals. AFFIRMED.

For appellant there was a brief over the names of *Mr. Myron E. Pogue, Mr. Andrew T. Lewis* and *Mr. William M. Kaiser,* with oral arguments by *Mr. Pogue* and *Mr. Lewis.*

For respondents there was a brief over the names of *Mr. Ephraim B. Seabrook, Mr. Miller Murdock* and *Mr. Joel M. Long,* with an oral argument by *Mr. Seabrook.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This is a suit to foreclose a mechanic's lien upon a dwelling house in the city of Portland. The principal defense urged is the failure by plaintiff to substantially perform his contract according to the plans and specifications. Many departures therefrom are admitted; but, as the contract itself provides for changes, we have treated all such variations as parts of the contract and within the pleadings. The testimony is very contradictory. Plaintiff and his expert witnesses contend that the contract, including changes, has been substantially complied with, and that defendants have really a better house than they contracted for, while defendants' witnesses and experts contend that the building is a marvel of bad construction, about the worst that possibly could be imagined.

After reading and re-reading and carefully considering the testimony, we find that plaintiff has failed to show that he substantially complied with his contract, or that defendants waived noncompliance; and, while we think it probable that plaintiff is entitled to something more than he has received, we are compelled to leave the parties to their action at law to settle their differences. We have considered the testimony for the plaintiff upon its merits, and without reference to technical objections urged by defendants, and these are, therefore, not discussed. The burden of proof was upon plaintiff to show substantial compliance with his contract, as modified and changed from time to time, and we think the preponderance of the evidence indicates the contrary. To discuss in detail the evidence, which comprises a volume of 500 typewritten pages, would serve no useful purpose, and therefore we simply state the result of our investigation.

The decree is affirmed. AFFIRMED.