Submitted on briefs: Decided Sept. 19, rehearing denied Nov. 7, 1911.

## MACARTNEY v. SHIPHERD.

[117 Pac. 814.]

APPEAL AND ERROR—NATURE OF REMEDY—RIGHT TO REMEDY.

1. An appeal is a privilege which must be conferred by authority upon the person who would enjoy it.

APPEAL AND ERROR—DECISIONS REVIEWABLE—NEW TRIAL—"JUDGMENT."

2. Under Section 549, L. O. L., providing that any party to a judgment or decree may appeal therefrom, and Section 548, defining a "judgment" as an order affecting a substantial right and determining the action or suit, or an order setting aside a judgment and granting a new trial, an order denying a motion for new trial is not appealable.

APPEAL AND ERROR—TIME OF TAKING PROCEEDINGS—EFFECT OF MOTION
    FOR NEW TRIAL.

3. As a losing party is entitled, under the statute giving him six months in which to appeal, to give oral notice of appeal at the time of the rendition of the judgment, the time in which an appeal may be filed is not extended by the pendency of a motion for new trial.

CONSTITUTIONAL LAW—VESTED RIGHTS—APPEALS.

4. As the laws relating to the enforcement of contracts are to be deemed part of the agreement, so that, when a judgment is rendered, the rights of the parties after the time for appeal has elapsed are fixed and vested, Act Feb. 21, 1911 (Laws 1911, p. 195), which attempted to validate appeals filed after the time for filing had elapsed, is invalid, as interfering with vested rights under a contract.

CONSTITUTIONAL LAW — DISTRIBUTION OF GOVERNMENTAL POWERS —
    LEGISLATIVE POWERS—ENCROACHMENT ON JUDICIARY—CONSTRUCTION
    OF STATUTES.

5. Under Section 1, Article III, of the Constitution of Oregon, providing for the distribution of governmental powers and prohibiting one branch

from exercising the functions of the other, Act Feb. 21, 1911 (Laws 1911, p. 195), which, after reciting that certain sections of the code had created doubts as to whether the time to take an appeal ran from the date of the entry of the judgment or from the entry of the order granting or denying a new trial, provided that appeals filed within six months after the denial of a motion for new trial should be validated, is unconstitutional, as an encroachment on judicial powers, in that it grants no new right of appeal, but construes former enactments.

From Multnomah: EARL C. BRONAUGH, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Samuel Macartney against Edward Shipherd on a contract between the parties, the result of which was a verdict and judgment thereon in favor of the plaintiff on November 12, 1908, for $2,000. On December 8, 1908, the defendant filed a motion for a new trial on the ground of alleged errors committed by the court during the progress of the trial, and for the further reason that the evidence was not sufficient to justify the verdict. After argument, the circuit court kept this motion under advisement until June 18, 1910, when it was overruled. The defendant served and filed a notice of appeal on December 7, 1910. The period of six months from the rendition of the judgment expired May 12, 1909. The transcript in the action having been filed in this court December 19, 1910, the cause has been submitted on the motion of the plaintiff to dismiss the appeal.                    DISMISSED.

*Messrs. Beach & Simon* and *Mr. W. P. Richardson* for the motion.

*Mr. W. C. Bristol* and *Mr. Ralph E. Moody, contra.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. "An appeal is not a matter of primary right. It is a privilege, and he who would enjoy that privilege must show some statute conferring it upon him." *Portland v. Nottingham*, 58 Or. 1 (113 Pac. 28); *Portland v. Gaston*, 38 Or. 533 (63 Pac. 1051); *Sears v. Dunbar*, 50 Or. 36 (91 Pac. 145); *Union National Bank v. Barth*, 179 Ill. 83 (53 N. E. 615).

2. "Any party to a judgment or decree other than a judgment or decree given by confession or for want of an answer may appeal therefrom." Section 549, L. O. L.

This section of the Code defines who may appeal, and from what an appeal may be taken. Section 548, L. O. L. defines a judgment for the purposes of an appeal in these words:

"An order affecting a substantial right and which in effect determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree."

It will be observed that, although an order setting aside a judgment and granting a new trial is by the terms of this section deemed a judgment for the purpose of an appeal, an order overruling a motion for a new trial is omitted from the category. This form of the section quoted was enacted by the legislature and published in Laws 1907, p. 313, § 6. Construing this section, this court held in *Oldland* v. *Oregon Coal & Navigation Company*, 55 Or. 340 (102 Pac. 596), that "the rule established prior to such amendment necessarily remains in force, and a motion to set aside a verdict and for a new trial on the ground of insufficiency of the evidence is addressed to the sound discretion of the trial court, and its discretion will not be reviewed where the defeated party made no motion at the trial for a judgment of nonsuit or for a directed verdict." On principle, too, error of the court in its ruling on such motions would not operate to extend the time for appeal by means of a motion for new trial, because such errors are properly brought to the attention of this court through a bill of exceptions. Even, then, the judgment of the circuit court would be reversed for its error in denying the motion for nonsuit

or a directed verdict, and not for its abuse of discretion in not confessing its error by sustaining a motion for new trial.

Until the amendment of Section 549, L. O. L., the rule was uniform, beginning with *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309), and continuing thence to the amendment, that an order granting or refusing a new trial was not appealable. By the amendment the principle established by this long course of decisions was not abrogated or changed with respect to an order denying a motion for a new trial. The amendment in that respect applied only to an order setting aside a judgment and granting a new trial. Within the principle that an appeal is not a matter of right, but depends upon the statute, the amendment cannot be expanded beyond its terms so as to include in the present instance the order denying such a motion. To deny a new trial does not determine the action so as to prevent a judgment or decree therein within the terms of the Code, for the judgment has already been entered. The order denying the motion does not affect the judgment or the rights of either party under the judgment. It is simply the adherence of the court to its former ruling. The rights of the parties are determined by the judgment, and are not affected one way or the other by the refusal of the court to allow the motion. Hence, upon principle as well as by the doctrine of *stare decisis* founded upon *Oldland* v. *Oregon Coal & Navigation Company,* 55 Or. 340 (102 Pac. 596), which is followed in *Colgan* v. *Farmers' & Mechanics' Bank,* 59 Or. 469 (114 Pac. 460), the denial of a motion for a new trial does not furnish ground for appeal.

3. We notice that the judgment was rendered Nov. 12, 1908; that the six months within which to appeal from that judgment expired May 12, 1909, and that the notice of appeal was not served until December 7, 1910, which was six months only after denial of the motion for new

trial on June 18, 1910. The appellant, however, contends that the decision of this court in *Mitchell & Lewis Co.* v. *Downing,* 23 Or. 448 (32 Pac. 394), is authority for his position that the notice of appeal in this case, although served long after six months from the rendition of the the judgment, is effectual for the purpose of conferring jurisdiction upon this court to hear the appeal. The appellant quotes this language from that decision:

"While the motion for a new trial was pending there was no final judgment from which an appeal could be taken. The appellant had a right to rely upon that motion, and, until it was disposed of, there was no final order."

In that case, the plaintiff having commenced an action against the defendants upon a contract, the sheriff by virtue of a writ of attachment took into his possession some live stock and other personal property of the defendant. Before issue joined the parties settled the case, plaintiff agreeing to pay the costs and disbursements, which latter the sheriff reported to the $94.30. In pursuance of the settlement, on that statement of the expenses, the plaintiff afterwards moved the court for an order dismissing the action. At that time the sheriff claimed that the amount due him, including the fees for a keeper of the property, amounted to $217.15, instead of $94.30, as he had previously reported. At a later date the sheriff filed an itemized account of his claim, petitioned the court for its allowance, and prayed for judgment against the plaintiff for the larger amount to be taxed as costs and disbursements. This petition having been served upon counsel for plaintiff, he demurred to the same, and the demurrer was overruled; the plaintiff being allowed further time in which to answer. After the expiration of that time, the court, upon failure of plaintiff to further plead, allowed the claim of the sheriff, rendered judgment against the plaintiff and in favor of

the sheriff for the amount, and dismissed the action of
the plaintiff against the defendant.   Subsequently, and
after the rendition of the judgment in favor of the officer,
the plaintiff's attorney made a showing by sundry affi-
davits to the effect that he was only junior counsel for
plaintiff; that in consequence of failure to receive direc-
tions from senior counsel, who resided in a distant city,
he had failed to file objections to the petition within the
time allowed, and moved the court to set aside the judg-
ment and to allow him to plead to the merits of the peti-
tion.   The court took this motion under advisement, and
after the period of six months from the rendition of the
judgment, against which the plaintiff had moved, denied
the motion.   From the order denying the motion to take
off the default and allow the plaintiff to answer the
merits, an appeal was taken.   The motion before this
court was to dismiss the appeal on the ground that it was
not taken within six months after the rendition of the
original judgment.

The error of counsel in relying upon this case as an
authority for our present consideration is based, possibly,
upon the language of the court, whereby the motion to
set aside the judgment and allow the plea to the merits
to be entered is denominated a motion for a new trial.   It
was not a motion for a new trial, but by its very terms
was a motion to set aside the judgment with leave to
file an answer to the merits.   To characterize it as a
motion for a new trial was a mere clerical inadvertence.
A motion for a new trial is an application to the court
to be heard anew upon the same issues upon which the
judgment has been rendered.   The objection to the judg-
ment in a motion for a new trial is based upon alleged
errors committed by the courts in arriving at that judg-
ment or upon newly discovered evidence applicable to the
same issues as before, while a motion like the one in

question in that case is based upon matters and issues hitherto dehors the record.

The substance of the attack upon the judgment in *Mitchell* v. *Downing,* 23 Or. 448 (32 Pac. 394), was based upon Section 103, L. O. L., empowering the court to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. It presented to the court an issue upon which it could render a judgment either overturning or allowing the attack upon the former judgment. In a proper sense, application for relief under Section 103 is an original proceeding in which an independent judgment may be entered. Properly considered and applied the language of the court in *Mitchell* v. *Downing,* quoted above, furnishes no authority for the present contention of the appellant. Manifestly in that case, until a decision of the motion for leave to answer to the merits, there was no judgment upon that motion from which an appeal could be taken. In analogy it is like the situation prior to verdict in a case or while the court has under advisement a demurrer to a complaint. At such times clearly no appeal could be taken. On the application for leave to answer to the merits an issue had been joined, and, until the decision of that issue, whether of law or fact, there was no judgment in the ancillary proceedings from which an appeal could be taken.

Whatever may be the rule in other states, the substance of the legislation in this State is that, when a judgment is rendered on a verdict, a party has his choice of two remedies, each of which is ripe for use at that time. He may at once, on the rendition of the judgment, give oral notice of appeal or thereafter within six months he may serve notice in writing. The other remedy is by motion for new trial. Considering the fact that he may at once give oral notice of appeal, a fair and reasonable construction of the statute would not allow him by filing a motion

for new trial to piece out and extend the term of six months from the rendition of the judgment within which he might appeal. In brief our statute does not assign the denial of the motion for a new trial as an order or judgment from which an appeal may be taken. It specifically says that an appeal must be taken from the judgment, and in defining and specifying what shall be considered as a judgment it does not include the order of the court denying a motion for a new trial.

4. It remains to consider the position of appellant in reliance upon the act of February 21, 1911, entitled: "An act relating to appeals to the Supreme Court from the circuit courts and validating all appeals taken within six months from the granting or denying of a motion for a new trial and declaring an emergency." Laws 1911, p. 195.

After reciting in its preamble that the amendments of certain sections of the Code, including the revision of Section 548, L. O. L., had created doubts as to whether the time to take an appeal to the Supreme Court runs from the date of the entry of the judgment or decree, or from the date of the entry of the order granting or denying the motion for a new trial, and that in many instances, through no fault of the parties, motions for a new trial have not been determined within six months from the date of the entry of the judgment or decree, the enactment continues as follows:

"Section 1. Every appeal heretofore taken within six months from the expiration of the time granted by any circuit court or judge thereof for filing a motion to set aside the verdict and for a new trial or, if such motion shall have been filed within such time, then within six months from the date of the entry of the order granting or denying such motion shall be and is, if such appeal is now pending and undetermined in the Supreme Court, hereby validated, and shall be deemed to have been taken within the time required by law. Provided, however, that

nothing herein contained shall be deemed to authorize any appeal to be hereafter taken to the Supreme Court from any judgment of any circuit court granting or denying a motion to set aside the verdict and for a new trial unless such appeal be taken within six months from the date of the original entry of judgment."

Bearing in mind that this was an action upon a contract, it is a rule of property that the laws relating to the enforcement of contracts are to be deemed a part of the agreement so that, when a judgment is rendered upon such contract, the rights of the parties after the time for appeal has elapsed become fixed and vested, and the legislature cannot, by any subsequent act, change those rights under such judgment. That the legislative assembly cannot interfere with vested rights is the doctrine laid down in *Noon's Estate,* 49 Or. 286 (88 Pac. 673: 90 Pac. 673). In that case, as the law stood at the death of the testator, the real property descended to the next of kin, and for the purpose of paying the debts of an estate personal property was required to be sold first and afterwards real property, if necessary. Pending the settlement of Noon's estate, the legislature amended the law in that respect so that it rested in the discretion of the county court to order a sale of the real property for the satisfaction of claims before looking to personal property for the payment of a decedent's debts. But this court held, in substance, that the rights of the heirs to the real property of their ancestor attached and became vested in the real property at his death, and that subsequent legislation could not interfere with those rights. Analogous to this is the doctrine laid down by this court in *Martin* v. *White,* 53 Or. 319 (100 Pac. 290), wherein it is stated that, "when one has a mere right of action, the legislature may unquestionably prescribe a reasonable time in which he may proceed; but, in case he has both title and possession and the legislature

attempts to create the necessity for suit by converting an estate in possession into a mere right of action and then limit the time in which the action may be brought, it is exceeding its power." So, here, when a judgment was rendered in this action and the time for appeal therefrom had elapsed, the right of the successful party to enjoy the fruits of his judgment became immovably established and the legislative assembly had no right afterwards to interfere, even tentatively, with that vested right, yet that is what it proposed by trying to validate attemped appeals. *Burch* v. *Newberry*, 10 N. Y. 374; *Germania Savings Bank* v. *Village of Suspension Bridge*, 159 N. Y. 362 (54 N. E. 33) ; *Livingston* v. *Livingston*, 173 N. Y. 377 (66 N. E. 123: 61 L. R. A. 800: 93 Am. St. Rep. 600) ; *In re Greene*, 166 N. Y. 485 (60 N. E. 183) ; *Ratcliffe* v. *Anderson*, 31 Grat. (Va.) 105 (31 Am. Rep. 716) ; *Edwards* v. *Kearzey*, 96 U. S. 595 (24 L. Ed. 793) ; *Barnitz* v. *Beverley*, 163 U. S. 118 (16 Sup. Ct. 1042: 41 L. Ed. 93) ; *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687 (24 S. E. 269) ; *Bettman* v. *Cowley*, 19 Wash. 207 (53 Pac. 53: 40 L. R. A. 815) ; *Humphrey* v. *Gerard*, 83 Conn. 346 (77 Atl. 65) ; *In re Handley's Estate*, 15 Utah 212 (49 Pac. 829: 62 Am. St. Rep. 926) ; *Village of New Holland* v. *Holland*, 99 Ill. App. 251.

5. Again, the Constitution of this State (Article 3, Section 1) provides that "the powers of government shall be divided into three separate departments: The legislative, the executive, including the administrative, and the judicial; and no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this constitution expressly provided." In *Griffin* v. *Cunningham*, 20 Grat. (Va.) 31, the Supreme Court of Virginia quotes with approval the language of Judge COOLEY as follows:

"To declare what the law is or has been is judicial power; to declare what the law shall be is legislative."

In *Thomas* v. *Portland,* 40 Or. 50 (66 Pac. 439), Judge WOLVERTON uses this language:

"A statute which operates to annul or set aside the final judgment of a court of competent jurisdiction and to disturb or defeat rights thus vested is inoperative and void. By reason of the distribution of powers under the Constitution assigning to the legislature and the judiciary each its separate and distinct functions, one department is not permitted to trench upon the functions and powers of the other."

The act in question does not profess to give to litigants any new right of appeal. It recites that there is doubt about the construction of the acts of the legislative assembly that have been already passed relating to appeals, and, based upon that alleged doubt, it proceeds to construe those previous enactments and to declare their meaning validating appeals, notices of which had been theretofore served. This is plainly an invasion of the judicial power by the legislative assembly, and is not admissible: *Sanders* v. *Cabaniss,* 43 Ala. 173; *In re Boyett,* 136 N. C. 415 (48 S. E. 789: 67 L. R. A. 972: 103 Am. St. Rep. 944); *Lindsay* v. *United States Savings & Loan Company,* 120 Ala. 156 (24 South. 171: 42 L. R. A. 783).

The statute in question does not operate to extend the period for taking an appeal, or to include as an appealable order the action of the court in denying a motion for a new trial.

The appeal is dismissed.                      DISMISSED.