Argued October 13, decided December 2, 1913, rehearing denied
January 6, 1914.

# GOODEVE *v.* THOMPSON.

(136 Pac. 670; 137 Pac. 744.)

**Breach of Marriage Promise—Admissions—Determination as to Admissibility.**

1. A witness, in an action for breach of promise to marry, testified
that defendant said he had been after a girl for approximately 10
years, and he had finally landed her. Witness could not say that the
remark related to plaintiff, but that the girl had come from Tacoma or
Vancouver; he did not remember which. The statement was communicated to plaintiff as having reference to her, and she talked it
over with defendant in the presence of a third person. Plaintiff had
returned from Vancouver about that time, and defendant was associating with her. *Held,* that the circumstances were sufficient to permit
the testimony to go to the jury as to whether defendant had reference
to plaintiff.

> [As to actions for breach of promise to marry, see notes in 63
> Am. Dec. 532; 40 Am. St. Rep. 172. As to exemplary damages in
> such actions, see note in Ann. Cas. 1914B, 319.]

**Trial—Conduct in General—Reproving Witnesses.**

2. The reproof of a witness by the judge for including argument
in his testimony, and for nodding his head and making demonstrations
constantly in the courtroom, is not error in itself.

**New Trial—Grounds—Newly Discovered Evidence—Diligence.**

3. A motion by defendant for new trial on the ground of newly
discovered evidence is properly denied, where the proposed new witnesses were residents of the city where the trial was held, and one or
both were present at the trial to the knowledge of defendant, and
their testimony, if material, could have been procured by reasonable
diligence.

**Appeal and Error—Review—Harmless Error—Misconduct of Juror.**

4. The misconduct of plaintiff and a juror in meeting and conversing will not be held harmless, where the jury rendered a verdict for
$50,000 for breach of promise of marriage.

**New Trial—Grounds—Misconduct of or Affecting Juror.**

5. A surmise of the judge, unsupported by direct evidence, that
misconduct of a juror and plaintiff in meeting and conversing was
procured by defendant will not prevent a new trial for such misconduct.

**Appeal and Error—Rehearing—Questions Reviewable.**

6. Where error is assigned on the denial of a motion for new trial,
and was the main reliance of the appellant, and the respondent on
the original hearing failed to raise the point that the order denying

a new trial could not be reviewed on an appeal from the judgment, the question cannot be raised on petition for rehearing.

**Appeal and Error—Grounds—Misconduct of or Affecting Jury.**

7. Where the trial court finds that conduct of plaintiff and a juror in conversing with reference to the case was improper, an order denying a new trial will be reversed.

From Multnomah: HENRY E. McGINN, Judge.

Department 2. Statement by MR. JUSTICE EAKIN.

This is an action by Helen M. Goodeve against Robert H. Thompson, Jr., for a breach of promise of marriage; the complaint alleging a promise of marriage by the defendant and acceptance by plaintiff, and that on September 30, 1911, the defendant repudiated the said promise and refused to marry the plaintiff, and praying for a judgment for $50,600.

The answer denies that defendant promised to marry the plaintiff, and alleges that she was incapable of contracting marriage at that time, having a husband living. The case was tried before a jury, and a verdict rendered for the plaintiff, assessing her damages at $50,000, and from a judgment thereon the defendant appeals.            REVERSED.

For appellant there was a brief over the names of *Mr. Samuel White, Messrs. Sheldon & Huntington* and *Mr. John Manning,* with an oral argument by *Mr. White.*

For respondent there was a brief over the names of *Mr. Hall S. Lusk* and *Messrs. Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. Lusk.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. There are five assignments of error. The first two relate to the admission in evidence of testimony of the

witness MacLean to the effect that in September or
October, 1911, the defendant said to him that he had
been after a girl for approximately 10 years, and that
he had finally succeeded in landing her.    The witness
could not say that the remark related to the plaintiff,
but that the girl referred to had come from Tacoma
or Vancouver; he did not remember which.    This state-
ment was communicated to plaintiff as having refer-
ence to her, and she talked it over with the defendant
in the presence of Gaut.    Plaintiff had returned from
Vancouver about that time and was in Portland, and
defendant was associating with her.    The circum-
stances were sufficient to permit the testimony to go
to the jury as to whether or not the defendant had
reference to the plaintiff.

2. The third and fourth assignments of error relate
to the action of the court in reproving the witness
Terry in the presence of the jury, to which the defend-
ant now excepts.    In the absence of proof of what did
take place, or of what was the misconduct of the wit-
ness, we must accept the statement of the judge as to
the circumstances calling for the reproof.    The wit-
ness was reproved by the judge at least twice, once for
including argument in his testimony, and, again, for
nodding his head and making demonstrations con-
stantly in the courtroom.    Evidently the judge thought
he was attempting to exert an influence on the jury or
the witnesses, and, if so, it was the court's duty to
reprove him and prevent such conduct.    There is
nothing in the record that discloses error in that
regard.

3. The only other assignment of error relates to the
denial of the defendant's motion to set aside the judg-
ment and to grant a new trial.    Three grounds are
assigned: (1) Newly discovered evidence material to
the defense, and which he could not with reasonable

diligence have discovered and produced at the trial; (2) improper conduct of a juror; and (3) excessive damages given under the influence of passion and prejudice. The motion was supported by several affidavits, that of Mrs. W. R. Works and Lucille Ayres as to their knowledge of facts alleged to be material, and others relating to the misconduct of the juror. These affidavits were met by affidavits on the part of the plaintiff, and those followed by counter-affidavits especially relating to the misconduct of the juror. Whereupon the court proceeded to hear the oral evidence of many witnesses for and against the motion, all of which is reduced to writing and reported to this court, consisting of 150 pages, and upon consideration of the proofs by the court the motion was denied. It appears in the affidavits of Mrs. Works and Mrs. Ayres that they had certain conversations with the plaintiff with reference to her relations with the defendant. There is testimony tending to show that Mrs. Works and Mrs. Ayres were, at the time of the trial, residents of Portland, with whom defendant was acquainted, and that one or both of them were in the courtroom during the trial within the knowledge of the defendant, and that by the exercise of diligence the testimony, if material, could have been ascertained by the defendant for the trial.

4. The court tried out the question of the misconduct of the juror at great length. A perusal of the evidence taken on the hearing on the motion to set aside the judgment is convincing that the conduct of the juror Wallis in meeting and conversing with the plaintiff under the circumstances disclosed was misconduct on the part of both the plaintiff and the juror; and, in view of the extravagant amount of damages awarded to the plaintiff, we cannot ignore this circum-

stance, nor say that the misconduct was not preju-
dicial to the defendant's rights.

5. The trial court found that there was misconduct
by both the juror and the plaintiff, but says he was
constrained to think it was by procurement of the de-
fendant.   There is no doubt but that the misconduct
complained of was sufficient ground to set aside the
judgment, unless the misconduct was procured by the
defendant; but such a conclusion can only be a sur-
mise.   There is no direct evidence of fact to that effect,
and it is not sufficient to justify the court in ignoring
the facts. . It is said in *Davidson* v. *Manlove,* 2 Cold.
(Tenn.) 346: ''Such conduct on the part of a suitor is
highly improper and reprehensible, and should call
forth the severe censure of the court.   Men must not
be permitted to tamper with jurors before whom their
suits are being tried; and, being seen in close con-
versation with them during the trial, or while they are
considering of their verdict, the circumstance, unex-
plained, is sufficient to authorize the circuit judge to
grant a new trial, and to subject the party to punish-
ment by the court for contempt.   The fountains of
justice must be kept pure and free from suspicion, or
the citizen will lose all respect for the laws, and the
rights of person and property will become insecure.
Suitors·and jurors must not place themselves in a posi-
tion where their conduct creates suspicion.''

The judgment is reversed and the cause remanded
for further proceedings.

REVERSED: REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and
MR. JUSTICE MCNARY concur.

Decided January 6, 1914.

## ON PETITION FOR REHEARING.

(137 Pac. 744.)

MR. JUSTICE EAKIN delivered the opinion of the court.

Two points are strenuously urged for a rehearing or affirmance of the judgment: (1) That the order denying the motion for a new trial cannot be reviewed by the Supreme Court unless such order is appealed from; (2) that the denial of the motion for a new trial was in the discretion of the trial court, and that this court cannot review it except for abuse of discretion. And also that the decision assumes that the verdict for $50,000 is excessive, and that the court reverses the case for that reason.

6. As to the first point, the purpose of the amendment of Section 548, L. O. L., by the act of 1907 (Laws 1907, p. 313), declaring that an order setting aside a verdict and granting a new trial for the purpose of an appeal should be deemed a judgment, was that the validity of the order may be tested before incurring the expense of the new trial. By this amendment, Sections 174, 175, L. O. L., relating to a motion for a new trial, were also amended to make the procedure conform to the amendment of Section 201, which requires the judgment to be entered the same day the verdict is returned: *Oldland* v. *Oregon Coal & Nav. Co.,* 55 Or. 343 (99 Pac. 423, 102 Pac. 596). The denial of such motion was not declared by that act to be a final judgment, and therefore is not appealable independently of the judgment sought to be set aside, as held in *Macartney* v. *Shipherd,* 60 Or. 136 (117 Pac. 814, Ann. Cas. 1913D, 1257). Prior to the amendment of the statute the order denying the motion for a new trial,

as well as the one allowing it, was reviewable as an intermediate order on appeal from the judgment, and the amendment certainly was not intended to deprive the movent of the right of review in the appellate court, or to affect the practice on motions for new trials other than to give an appeal from the order granting it before the retrial. It is said by Mr. Justice Moore, in the case of *Colgan* v. *Farmers & Mechanics' Bank,* 59 Or. 469 (106 Pac. 1134, 114 Pac. 460, 117 Pac. 807), that if a party is materially prejudiced by any act or conduct occurring at the trial of which he had no knowledge until after verdict, refusal to set aside the judgment and to grant a new trial must now, as before the amendment of the statute, be an abuse of judicial discretion, which is subject to review on appeal. This, we think, is a reasonable application of the amendment of the statute. The right to review the order of the court in denying such a motion as to matters that the movent had no opportunity to present to the court during the trial existed before the amendment, and, although not a final order, it is still reviewable on appeal from the judgment. In that case the order denying the motion for a new trial was specifically included in the notice of appeal, although not mentioned in the opinion; and therefore no doubt influenced the decision. However, that objection was not suggested by plaintiff upon the hearing of the appeal in this case, although error in the ruling on the motion was assigned as error, and was the main reliance of the defendant in this court upon the questions, raised by the motion for a new trial, devoting much of the brief thereto. The plaintiff in his brief and argument met defendant's contentions upon all of the questions so raised, with no suggestion that the question was not here. We considered the case on appeal on all these grounds, and the case went to final decision

in this court; and, without determining whether it was necessary for the appellant to specify in his notice of appeal that he desired to review the decision denying the motion for a new trial, it is sufficient to say that it is too late for plaintiff now to present that question for the first time.

7. We, therefore, take up the second question as to the discretion of the Circuit Court on motions for a new trial, and as to the statement in the opinion that, ''in view of the extravagant amount of damages awarded to the plaintiff, we cannot ignore this circumstance (the misconduct of the juror), nor say that the misconduct was not prejudicial to the defendant's rights,'' which the motion says is pregnant with error, proceeding to discuss it as though this court had set aside the verdict because the damages were excessive. As stated in the opinion, the unexplained misconduct of the juror alone is sufficient to authorize the court to set aside the verdict. The trial judge was convinced that the conduct of the juror, as well as of plaintiff, was improper, and the size of the verdict tends to show that the misconduct was prejudicial, and that it is only in that sense in which the opinion refers to the amount of the verdict. The judgment was not reversed because of the amount of the verdict, but alone for the misconduct of the juror, and it should not stand under such circumstances. The motion says: ''On principle and authority, it is not necessary for the court to say that the misconduct was not prejudicial to the defendant's rights in order to affirm the court's ruling.'' Standing alone, the record of the misconduct was sufficient to require the setting aside of the verdict. On its face it was prejudicial to the defendant's rights, and the explanation was not sufficient to overcome the legal conclusion from the misconduct. It is said in *Robinson* v. *Donehoo,* 97 Ga.

702 (25 S. E. 491), that in such a case the legal presumption is that the losing party in the case was by reason thereof injured.    The court said in *Tucker* v. *Flouring Mills Co.,* 13 Or. 28 (7 Pac. 53) : "It is highly improper for a party or any person to make remarks concerning a case, when on trial before a jury, in the presence of any of the jurors; and, whenever such practice is indulged in, the judge presiding at the trial should unhesitatingly set aside a verdict in favor of a party who had been guilty of such misconduct.    A jury trial would be miserable farce if the jurors were permitted to be tampered with in any manner whatever. Such trials should be kept entirely free from all suspicion that influences of that character had been exercised to any extent."    The court further held that the granting of a new trial in such a case is addressed to the sound discretion of the trial judge, and his decision will only be reviewed on appeal when there has been an abuse of discretion.    The Circuit Court in this case said: "That it was improper I do not hesitate one moment to say"—not that the explanation was satisfactory to him; and, leaving out of the case the evidence of Le Gette, we are of the opinion that, in the light of the showing made at the hearing on the motion, the circuit judge should have set aside the judgment and granted a new trial.

The petition is denied.

REVERSED : REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.