Argued May 3, appeal dismissed May 24, 1961

# STATE UNEMPLOYMENT COMPENSATION
## COMMISSION *v.* BATES
### 362 P. 2d 321

Samuel F. Speerstra, Salem, argued the cause for appellant. With him on the brief were Bartlett Cole, Portland, and Rhoten, Rhoten & Speerstra, Salem.

Roland V. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, E. Nordyke and C. Sorensen, Assistant Attorneys General, Salem.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

LUSK, J.

This case is here for the second time.

The first appeal was taken by the plaintiff from a judgment for the defendant entered pursuant to the allowance of a motion by defendant for a directed verdict. This court reversed, and, as provided in the mandate, remanded the cause to the court below "with directions to take further proceedings in conformity with the opinion of the Court herein * * *." Unemployment Comp. Com. v. Bates, 217 Or 121, 341 P2d 119.

After receipt of the mandate by the circuit court, the plaintiff moved for judgment in its favor based

on the mandate. The court allowed the motion, vacated the former judgment, and entered judgment for the plaintiff in accordance with the prayer of the complaint on July 18, 1960.

On July 26, 1960, defendant filed a "Motion to Set Aside Judgment and to Grant a New Trial" on the ground that the court's action was not in conformity with the mandate of this court. This motion was denied by an order entered on September 20, 1960, and on October 18, 1960, the defendant served and filed a notice of appeal from the last-mentioned order.

The notice of appeal reads:

"STATE UNEMPLOYMENT COMPENSATION )
COMMISSION, )
)
Plaintiff-Respondent )
)
vs. )
)
WALTER E. BATES, )
)
Defendant-Appellant )
)

"*NOTICE OF APPEAL*

"TO: STATE UNEMPLOYMENT COMPENSA-TION COMMISSION, Plaintiff, and ROBERT Y. THORNTON, Attorney General, and RO-LAND V. BROWN, Assistant Attorney General, its attorneys:

"YOU AND EACH OF YOU will please take notice that the above named defendant, Walter E. Bates, hereby appeals to the Supreme Court of the State of Oregon from that certain Order entered in the above

captioned court and cause on the 20th day of September, 1960, denying defendant's Motion To Set Aside Judgment And To Grant A New Trial which provides as follows:

"'IT IS HEREBY ORDERED that defendant's Motion To Set Aside Judgment And To Grant A New Trial be, and it hereby is, denied.'

and the defendant appeals from the whole of the said order and every part thereof.

"Dated this 17 day of October, 1960.

/s/ RHOTEN RHOTEN & SPEERSTRA

Attorneys for Defendant-Appellant "

■ We do not reach the merits of the question presented for decision, because this court is without jurisdiction of the appeal. By the uniform course of decision in this state an order denying a motion to set aside a judgment and for a new trial is not an appealable order. The leading case is *Macartney v. Shipherd*, 60 Or 133, 117 P 814. In an opinion applying this rule it was said by Mr. Justice HARRIS, speaking for the court:

"* * * An unbroken line of authorities sustain this conclusion and to deny the motion to dismiss this appeal would be to ignore every precedent where the court has spoken upon the subject: (citing prior decisions)." *Purdy v. Winters' Estate*, 85 Or 188, 193, 159 P 1091, 166 P 536.

Similar holdings in the more recent cases include *Columbia Auto Works v. Yates*, 176 Or 295, 156 P2d 561; *Nichols v. Nichols*, 174 Or 390, 395, 143 P2d 663, 149 P2d 572. We are aware of no Oregon decision to the contrary.

The only appealable order in the record is the judgment entered July 18, 1960. ORS 19.010(2)(a); *Durkheimer Inv. Co. v. Zell*, 161 Or 434, 437, 90 P2d 213; *In re Norman's Estate*, 159 Or 197, 203, 78 P2d 346; *Electrical Products Corp. v. Ziegler*, 157 Or 267, 272, 68 P2d 135, 71 P2d 583. No appeal from that order has been taken, and the time for appealing from it has long since passed.

It is provided in ORS 19.010:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

\* \* \* \* \*

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial."

In *Macartney v. Shiperd*, supra, the court said in reference to this statute, which was then section 548, L. O. L.:

"It will be observed that, although an order setting aside a judgment and granting a new trial is by the terms of this section deemed a judgment for the purpose of an appeal, an order overruling a motion for a new trial is omitted from the category. \* \* \*" 60 Or 135.

The court continued:

"\* \* \* Within the principle that an appeal is not a matter of right, but depends upon the statute, the amendment cannot be expanded beyond its terms so as to include in the present instance the order

denying such a motion. To deny a new trial does not determine the action so as to prevent a judgment or decree therein within the terms of the Code, for the judgment has already been entered. The order denying the motion does not affect the judgment or the rights of either party under the judgment. It is simply the adherence of the court to its former ruling. The rights of the parties are determined by the judgment, and are not affected one way or the other by the refusal of the court to allow the motion. Hence, upon principle as well as by the doctrine of *stare decisis* founded upon *Oldland v. Oregon Coal & Navigation Company*, 55 Or 340 (102 Pac. 596), which is followed in *Colgan v. Farmers' & Mechanics' Bank*, 59 Or. 469 (114 Pac. 460), the denial of a motion for a new trial does not furnish ground for appeal." 60 Or 136, 137.

See also: *Orr v. Orr*, 75 Or 137, 143, 144 P 753, 146 P 964; *In re Sneddon*, 74 Or 586, 591, 144 P 676; *Goodeve v. Thompson*, 68 Or 411, 416, 136 P 670, 137 P 744.

 ORS 19.023 provides that the notice of appeal "* * * shall be in the form prescribed in ORS 19.029 * * *" and the latter section says that the notice of appeal shall contain, inter alia:

"(3) A notice to the adverse party or his attorney that an appeal is taken from the judgment or some specified part thereof."

This court has uniformly given a broad construction to this section and whenever reasonably possible has refused to dismiss an appeal for insufficiency of the notice to identify the judgment appealed from. *Lee v. Gram*, 105 Or 49, 196 P 373, 209 P 474, 27 ALR 1001. Ambiguities have been resolved in favor of the appellant (see, e.g., *Peterson et ux v. Peterson et ux*, 208 Or 131, 292 P2d 130, 300 P2d 443), and instru-

ments in the record such, for example, as the undertaking have been read in connection with the notice for the purpose of identifying the judgment appealed from. *Meridianal Co. v. Bourne,* 87 Or 324, 160 P 1151, 170 P 521. Here, however, there is no ambiguity whatever in the description of the judgment in the notice of appeal and the undertaking on appeal follows the language of the notice. It is not possible to translate the language of the notice into an appeal from the judgment entered July 18, 1960.

■ The new code of appellate procedure has not altered the definition of an appealable order or the rule laid down in *Macartney v. Shipherd* and the cases which have followed it. While it is provided by ORS 19.026 that where a party has served and filed a motion for a new trial, the notice of appeal shall be served and filed within 30 days from the earlier of the following dates: (a) the date of entry of the order disposing of the motion, (b) the date on which the motion is deemed denied, as provided in ORS 17.615; these provisions do not authorize an appeal from an order denying a motion for a new trial, but simply extend the time for appealing from the judgment.

■ No motion to dismiss the appeal has been filed, but it is too well established to require citation of the precedents that when the record discloses that a court is without jurisdiction its duty is to so declare and proceed no further in the cause.

Appeal dismissed.