Argued and submitted June 12, reversed and remanded with instructions
October 15, 1997

In the Matter of the Adoption of
Heidi Katrina Welshans and
Nicolas Richard Welshans, minor children.

Scott PHARISS
and Vicki Phariss,
*Respondents,*

*v.*

Rodney WELSHANS,
*Appellant.*

(91-4673-B; CA A95122)

946 P2d 1160

Thad M. Guyer filed the brief for appellant.

No appearance by respondents Scott Phariss and Vicki Phariss.

Michael C. Livingston, Assistant Attorney General, argued the cause and filed the brief *amici curiae* for the Attorney General of the State of Oregon and the State Office for Services to Children and Families. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Father appeals from an order allowing respondents' motion to dismiss his motion to vacate the judgment of adoption[1] of his two minor children in a stepparent adoption proceeding by respondents mother and her husband.[2] The trial court dismissed the action because father brought his motion more than one year after the judgment had been entered. ORS 109.381(3).[3] We reverse and remand.

For purposes of this motion, the facts are not in dispute. On July 6, 1989, mother and father's marriage was dissolved in Colorado. In the decree, father was awarded "reasonable rights of visitation" with their two minor children. On April 2, 1991, mother and her husband of one year, Scott Phariss, filed a petition for adoption in Jackson County. Mother also filed an affidavit with the petition stating, "The natural father has failed to contact myself or his children since shortly after our divorce in 11/89." Neither the affidavit nor any document in the adoption file indicates service on father or any attempt by the adoptive parents to serve father with notice of the adoption proceedings.[4] On April 4, 1991, the court entered an "Order for Waiver of Consent," based on mother's affidavit. On April 15, 1991, a judgment of adoption was entered, effectively terminating father's parental rights.

---

[1] ORCP 71 B does not apply to adoption cases. *Hallford v. Smith*, 120 Or App 57, 63-64, 852 P2d 249 (1992), *rev den* 317 Or 485 (1993).

[2] The trial court also denied father's motion for summary judgment on the grounds urged by him on appeal.

[3] ORS 109.381(3) provides:

"After the expiration of one year from the entry of a decree of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed that the child's natural parents and all other persons who might claim to have any right to, or over the child, have abandoned the child and consented to the entry of such decree of adoption, and that the child became the lawful child of the adoptive parents or parent at the time when the decree of adoption was rendered, all irrespective of jurisdictional or other defects in the adoption proceeding; after the expiration of such one-year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby; provided, however, the provisions of this subsection shall not affect such right of appeal from a decree of adoption as may be provided by law."

[4] ORS 109.324 and ORS 109.330 require that a nonconsenting parent or a parent who has deserted a child be given notice of the pendency of adoption proceedings.

According to his motion, father did not learn about the adoption until March 3, 1993, when mother sent father a letter and a copy of the adoption judgment. Between March 1993 and March 1996, father attempted to locate mother and the children without success. On March 10, 1996, father filed this motion to vacate the judgment of adoption. Mother responded by arguing that ORS 109.381(3) prohibited father from challenging the adoption because more than one year had elapsed since entry of the judgment. Father countered that he had not been served with legal process or otherwise notified of the adoption proceeding when it was pending, and that, had mother and her husband made a reasonable and diligent inquiry as to his whereabouts, he could have been served at his mother's home in Colorado. Father also argued[5] that, to the extent that ORS 109.381 bars his motion, the statute is unconstitutional under the separation of powers doctrine in Article III, section 1, and Article VII (Amended), section 1,[6] of the Oregon Constitution and under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.[7]

■    Father first argues that ORS 109.381(3) is unconstitutional because, when the legislature enacted the statute, it

---

[5] Father's first assignment of error states:

"The trial court erred under Oregon law in granting the [mother's] motion to dismiss and in denying the [father's] motion for summary judgment * * *."

ORAP 5.45(4) requires that "[e]ach assignment of error shall be clearly and concisely stated under a separate and appropriate heading." Thus, it is improper for father to combine both the order granting the motion to dismiss and the order denying summary judgment in the same assignment of error. We nonetheless address the ruling on the motion to dismiss because it is dispositive.

[6] Article III, section 1, provides:

"The powers of the Government shall be divided into three seperate (sic) departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Article VII (Amended), section 1, provides, in part:

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law."

[7] The Fourteenth Amendment provides, in part:

"nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

infringed on a judicial function in violation of the separation of powers doctrine in Article III, section 1. In *Hughes v. Aetna Casualty Co.*, 234 Or 426, 441, 383 P2d 55 (1963), the court held that both notice and consent in an adoption proceeding are jurisdictional and, thus, in the absence of either, an adoption decree is not merely voidable but void. Because father never received notice of the adoption proceeding, he argues that the legislature is prohibited from "validating" a void adoption. He explains that the statute impermissibly gives life to a judgment that the trial court never had jurisdiction to enter. *See Macartney v. Shipherd*, 60 Or 133, 142-43, 117 P 814 (1911) (striking down a statute that authorized invalid appeals in cases in which the time for appeal had already expired).

The Attorney General and the State Office for Services to Children and Families (the state), appearing *amici curiae,* argue that ORS 109.381(3) does not violate the separation of powers doctrine because the statute "operates as a statute of limitations to bar challenges to the merits of the entry of adoption decrees and, for that reason, questions concerning the validity of decrees are not before a court for decision on the merits." The state also contends that "to the extent that the statute operates to validate or cure an otherwise defective decree, it does so without impinging upon a judicial function." In support of its argument, the state says:

> " 'It is a function of the legislature to draw lines,' including those establishing the time periods within which law suits must be commenced and appeals must be filed, and the drawing of those lines does not abridge or infringe upon a judicial function. *See A.K.H. v. R.C.T.*, 312 Or 497, 501-02, 822 P2d 135 (1991) (amendment providing that limitation period of ORS 12.117 applied retroactively did not constitute impermissible interference with judicial branch)."

We agree with the state that ORS 109.381(3) does not "validate" a void judgment in this case but merely imposes a time period within which the judgment can be challenged. This is not a situation in which the legislature has acted to annul or set aside a final judgment of a court of competent jurisdiction. ORS 109.381(3) was enacted in its present form in 1959. Or Laws 1959, ch 609. In enacting the

statute, the legislature has not participated in the adjudication of this or any other case. It has merely limited the time period for the challenging of a judgment, and that is a proper exercise of the authority of the legislature so long as no provision of the Oregon or federal constitutions is violated. On its face, ORS 109.381(3) is constitutional under Article III, section 1.

■    Father also argues that the application of the statute is unconstitutional under the Due Process and Equal Protection clauses of the Fourteenth Amendment.[8] Father is correct. In *Armstrong v. Manzo*, 380 US 545, 85 S Ct 1187, 14 L Ed 2d 62 (1965), the court held that a father who did not receive notice of his child's adoption was denied due process of law in violation of the Due Process Clause of the Fourteenth Amendment. The same can be said here because father was not notified about the adoption until two years after the decree had been entered.

On appeal, the state, as *amici curiae*, raises the argument for the first time that father's pleadings show that he had actual notice of the judgment in March 1993 and that he did not file his motion to vacate the judgment until March 1996. The state asserts that, under the circumstances, father waited too long to challenge the judgment after he learned about it. The state also suggests that we draw a bright line rule as to how long a person could wait to bring a due process challenge against ORS 109.381(3). The issue of the timeliness of father's challenge to the void judgment was not made to the trial court. Father has not had the opportunity to put on evidence regarding why he waited three years to file his motion. Under the circumstances, the issue raised by the state has not been preserved for appellate review, and we decline to reach it. ORAP 5.45(2); *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988).

In summary, we do not declare ORS 109.381(3) unconstitutional on its face, nor do we decide whether father could have been barred from challenging the application of the statute to him because of the apparent delay in bringing

---

[8] Father does not argue that the statute is unconstitutional on its face because it violates due process; therefore, our analysis is limited to his "as applied" argument.

the challenge. We hold only that, on this record, the judgment of adoption that was entered without his notice must be vacated. The integrity of the statute remains intact, and the trial court shall conduct further proceedings on the petition for adoption.

Reversed and remanded with instructions to set aside the adoption judgment and hold proceedings not inconsistent with this opinion.